19367

Henry MAUS, Jr., d/b/a Capitol Printing Equipment Company, Respondent, v. The PICKENS SENTINEL CO. et al., Appellants.

(186 S. E. (2d) 809)

8

*Felix L. Finley, Jr., Esquire,* of Pickens, *for Appellants,*

*Messrs. Rainey, Fant & McKay,* of Greenville, *for Re-*
*spondent,*

February 14, 1972.

BRAILSFORD, Justice:

The plaintiff sold a printing press to be delivered from his place of business in Tennessee to The Pickens Sentinel Co. in Pickens, South Carolina. The purchaser engaged the defendants to unload the heavy press from the motor carrier by which it was transported to pickens and place it in the purchaser's place of business. While the defendants were undertaking to accomplish this, the press was dropped to the ground and damaged beyond repair. The plaintiff, charging the defendants with negligence, recovered judgment against them for the value of the press. They have appealed to this Court on thirty-two exceptions, most of them having multiple specifications. These are argued under eleven questions which we shall dispose of *seriatim*.

"I. Did the trial Judge make himself a participant in the determination of the facts, in violation of Article 5, Section 26, of the Constitution of 1895?"

The brief complains of ten episodes during the trial in which, according to defendants, the trial judge interjected himself into the proceedings in such a way as to influence the verdict of the jury. None of these interjections was objected to at the trial, and none was made a ground of defendants' motion for a new trial which followed the verdict.[1] Clearly, therefore, under the settled rule, they are not reviewable by us on appeal.

Under question 2, the defendants reargue their complaint as to one of the episodes referred to under question 1. For the reasons above stated, no issue properly reviewable by us is raised.

"III. Did the Court err in ruling that defendant, Hinkle, was not qualified to testify concerning salvable (sic) parts and their value?"

When the qualification of this witness was challenged, he stated that he had had no experience with printing presses. The court properly ruled that he was not qualified to testify generally as to salvageable parts of the damaged property. However, counsel was then permitted to elicit answers which tended to qualify the witness as an expert on the electric motor and switch boxes, which the defendants claimed to be salvageable. Counsel then simply failed to pursue the matter further, and neither sought nor obtained a ruling from the court. We find no error.

"IV. Did the Court err in refusing to exclude upon the ground of irrelevancy and as hearsay parol evidence that the shipment-packaging conformed to Interstate Commerce Commission Standards?"

---

[1] The motion for a new trial does include as a ground a series of questions propounded to the defendant Hinkle, while the brief also complains of the court's interrogation of this witness. However, the series of questions made a ground of the motion bears no resemblance to the series of questions complained of in the brief.

The issue of fact for the jury with respect to the crating of the press was whether the machine was secured to the pad at all four corners, as plaintiff's witness who crated it for shipment testified, or at only one corner, as defendants' witnesses testified. It was conceded that the press was improperly crated if defendants' witnesses were correct on this point. The testimony objected to was that of plaintiff who admitted that he had not inspected the crated machine and did not know how it was secured to the pad. Therefore, this testimony could not have been persuasive to the jury on this critical issue of fact. Even if there was error as assigned, which we do not decide, there was no prejudice to the defendants.

"V. Did the Court err in excluding testimony that plaintiff subsequently shipped another printing press to The Sentinel differently and more substantially crated and securely bolted down?"

By analogy to the rule excluding evidence that an injury-producing object or place was repaired or improved by the defendant after the injury was incurred,[2] this evidence was properly excluded. Furthermore, it had no relevance to the disputed issue of fact with respect to the crating of the damaged machine.

"VI. Plaintiff having alleged specific negligence, did the Court err in charging as to presumption of lack of care arising from damage?"

We quote the challenged instruction:

"I charge you further that when a thing which causes injury or damage is shown to be under the managemnet or control of another and the accident is such as in the ordinary course of things does not happen if the one who possesses the management or control use proper care, it affords reasonable evidence, in the absense (sic) of explanation, that the accident arose from the lack of care."

---

[2] 2 Wigmore, Evidence, Sec. 283 (3d ed. 1940).

Defendants, evidently construing this instruction as pertaining to the *prima facie* case established by proof that bailed goods have been damaged, argue that the charge was erroneous because the complaint alleged specific acts of negligence, at least one of which plaintiff was required to prove. This was the ground of their exception to the instruction in the trial court where they cited, as they do in their brief here, *McCready v. Atlantic Coast Line R. Co.,* 212 S. C. 449, 48 S. E. (2d) 193 (1948), as controlling authority. In that case it was held that a shipper who alleges specific acts of negligence must prove negligence and may not recover on the presumption generally arising from delivery of goods by the carrier in a deteriorated condition. They thus mistake the purport of the instruction, which relates to proof of negligence by circumstantial evidence—not to the burden of proof as between bailor and bailee or carrier and shipper. So far as we are advised, the quotation from which the instruction was framed appears in only two of our decisions, *Shepherd v. United States Fidelity & Guaranty Co.,* 233 S. C. 536, 106 S. E. (2d) 381 (1958), and *Childers v. Gas Lines, Inc.,* 248 S. C. 316, 149 S. E. (2d) 761 (1966). Both were tort actions, between parties with no contractual relations, in which the burden of proving negligence remained on plaintiff. The challenged formulation was not included in the jury instructions in either case, and we do not necessarily approve its inclusion here. However, we find no error as assigned in the trial court or argued in the brief.

"VII. Having charged the plaintiff is entitled to recover if he has proven only negligence, simple negligence is enough, did the Court err in refusing defendants' additional request to charge that simple contributory negligence is a good defense?"

At the outset of his instructions on the measure of damages, the trial judge remarked that proof of simple negligence would entitle plaintiff to recover actual damages. When the jury was excused, counsel for

defendants called attention to this statement and requested an additional instruction that "the only thing the defendant has to prove to establish the defense of contributory negligence is simple negligence." The jury having been adequately instructed as to contributory negligence, there was no error in refusing this request, which some might regard as bordering on captiousness.

"VIII. Did the Court err in charging plaintiff's request to charge 1 and 2?"

Defendants' exception to plaintiff's request to charge No. 1 is waived because nowhere argued in the brief.

Defendants' exception to plaintiff's request No. 2 has been disposed of under question VI, *supra*. Only defendants' exception to plaintiff's request of charge No. 3, although not included in the statement of the question, is argued under this subdivision of the brief. Since defendants made no objection to this instruction in the court below, they are precluded from doing so now.

"IX. Did the Court err in refusing to charge that Randolph is the agent of the plaintiff?"

Robert Randolph, for some seven years before the trial, was in the machinery-crating and moving business in Nashville, Tennessee. He was engaged by plaintiff to crate the machine in question. The terms of this engagement were not developed at the trial. An instruction of tenor requested would not have been supported by the record. However, other instructions given to the jury squarely placed responsibility for adequate and proper crating of the machine on the shipper and made the question of agency moot. We find no error.

"X. Was there evidence of actionable negligence on the part of appellants?"

The evidence requiring an affirmative answer to this question need not be reviewed because defendants' motion for a directed verdict was upon the sole ground of plaintiff's contributory negligence. The sufficiency

of the evidence to raise a jury issue as to defendants' negligence not having been challenged at the appropriate stage of the trial may not be reviewed here.

"XI. Was the plaintiff guilty of contributory negligence?"

Clearly, this issue was properly submitted to the jury under the sharply conflicting testimony as to how the printing press was secured to the pad of the crate in which it was shipped.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.

