19369

Peach Ella JONES et al., Respondents, v. Robert L. GRISSETT and Mary M. Hughes, of whom Robert L. Grissett is Appellant.

(186 S. E. (2d) 829)

*J. Reese Daniel, Esquire,* of Columbia, *for Appellant,*

*Herbert W. Louthian, Esq.,* of *Cromer, Louthian, & Meeting,* Columbia, *for Respondent,*

February 15, 1972.

LITTLEJOHN, Justice:

These four actions were commenced to recover damages alleged to have been sustained in a motor vehicle collision at the intersection of Farrow Road and Beltline Boulevard under a traffic signal light in Columbia.

All plaintiffs were occupants of an automobile driven by plaintiff Inez Mosby. The cases were consolidated for trial. The plaintiffs sued the two drivers of two separate vehicles with which the Mosby car collided. The jury returned verdicts in favor of all of the plaintiffs against the defendant Grissett only, thereby exonerating defendant Hughes.

At appropriate stages of the trial, counsel for the defendant Grissett moved for a directed verdict and for judgment

notwithstanding the verdict, and also moved in the alternative, for a new trial, alleging errors committed by the trial judge. All motions were overruled. Defendant Grissett has appealed.

The evidence reveals that the Mosby car was the third vehicle among about twenty motor vehicles which were proceeding from the home of a deceased person to a funeral home where a funeral was to be conducted. The lead car was a limousine-type vehicle often referred to as a funeral "family car." All other vehicles were ordinary automobiles and were burning headlights.

Plaintiff Mosby testified that as she approached the intersection on Farrow Road the traffic signal light was green, and that it changed to caution while she was in the intersection. Farrow Road and Beltline Boulevard cross at approximately 90° angles. Defendant Grissett testified that his car and the car of the defendant Hughes, on Beltline Boulevard, pulled up to the traffic signal light on caution, and stopped. He said that when the light controlling his movement turned green both his car and Hughes' proceeded into the intersection. The collision occurred at that time.

It is not necessary to review any other evidence to determine whether the trial judge should have granted a directed verdict, as argued by appellant. The testimony recited made a jury issue and we find no error on the part of the judge in refusing to dismiss the case as a matter of law. It was for the jury to say which witnesses were telling the truth.

Defendant Grissett contends that the verdict in favor of the defendant Hughes acted to exonerate him also. We think the contention without merit. It would be just as logical to argue that since the jury found against Grissett, Hughes should be restored as a defendant. The evidence against the two defendants was not identical. It is sufficient to say that the evidence created jury issues upon which Grissett may be held liable. The jury's exoneration

of Hughes leaves Grissett in the same position he would have been had the plaintiffs elected, in the first instance, to sue him alone.

We now consider those exceptions which charge error on the part of the trial judge in refusing a new trial. Error is alleged in that the judge refused to charge Section 46-304 of the Code, which reads as follows:

"Obedience to traffic-control devices required.—The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this chapter unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter."

There can be no doubt that this collision occurred at an intersection controlled by a conventional traffic light signal. The code section should have been charged.

Defendant Grissett alleges error in the charge when the trial judge told the jury:

". . . [T]here have been cases . . . in other states . . . that have laid this down as the law and I think it is a good reasoning behind it; they said that if law and there is a person, while driving an automobile comes upon a caravan or a procession of automobiles and there is something in that procession that he, acting as an ordinary and reasonably prudent driver, observed that something unusual is taking place, and if he knows or has reason to believe that it is something connected with a funeral, *then common decency would require a person to yield and not to break up or disturb something of such a sacred nature. . . ."*

(Emphasis added.)

We agree that the portion of the charge emphasized above was erroneous.

We are of the opinion that the judge should have held that this group of travellers did not form a funeral procession, and that the drivers of all ve-

hicles should have abided by all traffic laws. We find no definition, either in the city ordinance or the state statutes or in the cases, of "funeral processions." The complaints did not allege that the Mosby car was in a funeral procession. Mrs. Mosby testified, "we were going to the funeral home to get in the procession." The group had no police escort, and no permit for a funeral procession had been issued by the traffic department of the Columbia police as contemplated by a city ordinance. This group of cars was not accompanying a hearse.

We need not attempt to define, in this opinion, a funeral procession. It is sufficient for us to say as a matter of law that this was not a funeral procession, and the judge should have held that all parties were subject to all traffic laws.

The defendant Grissett complains because the judge refused to submit contributory negligence and willfulness as alleged against the plaintiffs to the jury. On a new trial the evidence will not be identical. The judge may at that time determine whether the doctrines of contributory negligence, willfulness, and common enterprise, are applicable.

For the reasons indicated a new trial is granted, and the judgment of the lower court is

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.