### 19854

Worthy B. NABORS, Jr., Respondent, v. Winfred SPENCER et al., of whom Winfred Spencer is, Appellant

(207 S. E. (2d) 79)

*Messrs. Sarratt & Ross,* of Gaffney, *for Appellant,*

632

*C. D. Padgett, Esq.,* of Gaffney, *for Respondent,*

July 10, 1974.

LITTLEJOHN, Justice:

This tort action involving a collision of motor vehicles at an intersection was instituted by Worthy B. Nabors, Jr., the respondent, against Winfred Spencer, the appellant, and against Shuford-Hatcher Company to recover actual and punitive damages. The suit was terminated by a covenant not to sue as to Shuford-Hatcher Company prior to the commencement of the trial. Spencer has appealed from the jury's verdict in favor of Nabors in the amount of $15,000.00 actual damages.

The primary issue presented is whether the driver of a vehicle in a funeral procession has the right-of-way to proceed through a red traffic control light against him under the laws of this State. Two additional questions are also raised by Spencer. In one it is contended that the trial judge erred in refusing Spencer's request to charge that "the defendant was operating his car under the control of a police officer." In the other Spencer assigns error to the trial judge's failure to charge the jury that it might properly find the proximate cause of the collision to have been the sole negligence of the original co-defendant, Shuford-Hatcher Company.

The three-car collision which is the basis for this action occurred in the afternoon of May 11, 1971, at the intersection of Sixth Street and Cherokee Avenue in the city of Gaffney. Vehicular movements at this intersection were controlled by a traffic light. As Nabors entered the intersection in a westerly direction on Sixth Street with the traffic light in his favor (green), Spencer, who was traveling south on Cherokee Avenue as a portion of a funeral procession, ran the red light and struck Nabor's vehicle on its right side, knocking it into a third vehicle which was headed east on Sixth Street.

The exact position of Spencer's vehicle in the funeral procession is not revealed by the record, but it is clear that

the hearse and most of the procession had already passed through the intersection in question when the collision occurred. It is also clear that while a police vehicle was in front of and leading the procession, no policeman or traffic officer was positioned at or in the immediate vicinity of the intersection for the purpose of directing traffic.

In his complaint Nabors alleged that the collision was proximately caused by the negligence and recklessness of Spencer in running the red light and in several other particulars. Spencer's answer was a general denial and the defense of contributory negligence. He also alleged that he was operating his vehicle pursuant to the instructions of Shuford-Hatcher Company, the mortuary conducting the funeral procession.

We find no statute, and no ordinance was pleaded or introduced into evidence, which exempts the driver of a vehicle in a funeral procession from the obligation to observe traffic-control devices as provided in South Carolina Code § 46-304 (1962), which reads as follows:

"Obedience to traffic-control devices required.—The driver of any vehicle shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this chapter unless otherwise directed by a traffic or police officer, subject to the exceptions granted the driver of an authorized emergency vehicle in this chapter."

Clearly, a vehicle in a funeral procession acquires no special status as an "authorized emergency vehicle" as that term is defined in § 46-216 of the Code.

Spencer asserts that the necessary import of our decision in *Jones v. Grissett*, 258 S. C. 22, 186 S. E. (2d) 829 (1972), is that the driver of a vehicle in a funeral procession is not subject to the traffic laws of this State, particularly § 46-304. We disagree. Suffice it to say that inasmuch as it was determined as a matter of law in *Jones* that "this group of travellers did not form a funeral procession," the Court

therein was not concerned with the applicability of traffc laws to funeral processions.

Spencer also relies upon what he conceives to be a "well established custom" to support his contention that vehicles in a funeral procession have the right-of-way to proceed through red traffic-control devices. The identical contention was advanced in *Newell v. Peters,* 406 S. W. (2d) 814 (Mo. App. 1966), and the response of the court therein is equally appropriate in this case:

"Can such a privilege exist in the face of legislative command that a vehicle shall not proceed through a red light? Obviously positive legislation overrides any inconsistent custom. Otherwise those to whom the law-making power is entrusted could find their functions emasculated. It is all simply a question of where that power resides—in the duly designated organ of society or in unorganized groups of inhabitants. The answer is not difficult."

Since it was the duty of Spencer to obey the traffic-control device, it necessarly follows that all of his exceptions addressed to the proposition that the trial judge should have directed a verdict are without merit.

Both of the remaining questions posed by Spencer relate to the trial judge's instructions to, or refusal to, charge the jury. The record reflects that after the trial judge had delivered his charge, he temporarily excused the jury and gave counsel an opportunity to object to the charge as made or to request additional instructions in accordance with § 10-1210 of the Code. Spencer's only response was to request that the jury be instructed that "the defendant was operating his car under the control of a police officer." In effect, this request to charge would have required the trial judge to instruct the jury as a matter of law that Spencer had not violated § 46-304, quoted hereinabove. That it was properly refused is clearly demonstrated by the fact that there was no evidence even tending to prove that a traffic or police officer was directing traffic so as to super-

sede the authority of the traffic light at the intersection at the time of the collision.

Because no other objections to the charge or requests for additional instructions were made when the opportunity was so provided, Spencer's exception to the failure of the trial judge to charge the jury that it might properly attribute the proximate cause of the collision to the sole negligence of Shuford-Hatcher Company is not reserved for review by this Court. Cases collected, 3 South Carolina Digest, Appeal and Error Key No. 263(1) (1952, Cum. Supp. 1973).

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and E. Harry Agnew, A. A. J., concur.