HAROLD POHI AND KAIE POHI, PLAINTIFFS-APPELLANTS, v. SARA TOPAL AND BURTON E. TOPAL, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted January 10, 1978—Decided **January 27, 1978.**

28

Before Judges HALPERN, LARNER and KING.

Mr. *Robert F. Colquhoun,* attorney for appellants (*Mr. James F. Sullivan* on the brief).

Messrs. *Deyoe* and *Guiney,* attorneys for respondents (*Mr. John D. Allen, III,* of counsel and on the brief).

PER CURIAM. Plaintiff appeals from a judgment entered in the Passaic County District Court in an action for property damage arising out of an automobile accident. The judge, sitting without a jury, found that plaintiff-operator was negligent to the extent of 70% and defendant was negligent to the extent of 30%. Applying this comparative negligence formula to the stipulated damages he entered judgment for defendant on plaintiff's complaint and a judgment in favor of defendant on the counterclaim in the amount of $483.

The collision occurred at an intersection controlled by traffic lights. It is not disputed that plaintiff stopped for a red light at the intersection and entered the intersection after the light had changed to green. She testified that before entry she made observations in both directions and saw some cars in the distance. After traversing three of the four lanes of the intersecting road a collision occurred between her right front and the left front of defendant's vehicle which was proceeding from her right.

Defendant testified that she did enter the intersection in violation of the red signal light, but justified her action on the ground that she was part of a funeral procession. She also stated that she made observations but did not see any approaching vehicle.

The trial judge in his findings relied in great part upon his assumption that *N. J. S. A.* 39:4–93 "is intended to give a right of way to processions and takes precedence" over *N. J. S. A.* 39:4–105 which mandates that traffic stop in the face of a red light. It was on this assumption that he structured his finding of plaintiff's negligence to the degree of 70%.

*N. J. S. A.* 39:4–93 provides:

*Processions*

If a procession takes longer than five minutes to pass a given point, it shall be interrupted every five minutes for the passage of traffic which may be waiting.

Authorized emergency vehicles. United States mail vehicles and physicians vehicles shall have the right of way through a procession.

■■ We are unable to find any legislative intent in this section of the statute or any other section of the Traffic Act that an operator in a funeral procession has a right of way when confronted with a red light at a controlled intersection. We know of no law, statutory or otherwise, in this State which permits a member of a funeral procession to disregard a traffic signal unless directed to do so by a police officer. See *N. J. S. A.* 39:4–80.[1]

The judge's interpretation of the statute is erroneous and his substantial reliance thereon as evidence of negligence of plaintiff renders his ultimate findings unsupportable.

---

[1]For cases in other jurisdictions which reach the same conclusion, see *Nabors v. Spencer*, 262 *S. C.* 630, 207 *S. E.* 2d 79 (Sup. Ct. 1974) ; *Newell v. Peters*, 406 *S. W.* 2d 814 (Mo. Ct. App. 1966) ; *Merkling v. Ford Motor Co.*, 251 *App. Div.* 89, 296 *N. Y. S.* 393 (1937) ; *Vinci v. Charney*, 192 *Misc.* 302, 80 *N. Y. S.* 2d 521 (Sup. Ct. 1948).

Accordingly, we reverse and remand the matter for a new trial and new findings in accord with this opinion and without consideration of the aforesaid statute or the right of way of plaintiff attributed to it.

We do not retain jurisdiction.