22983

Burwell D. MANNING, Jr., Eastern Corn & Grain Company, Inc., Overlook, Inc., and Bluff Industrial Development Corp., Respondents v. CITY OF COLUMBIA, Appellant.

(377 S. E. (2d) 335)

Supreme Court

*Roy D. Bates, James S. Meggs, Office of the City Attorney,* and *Danny C. Crowe, Turner, Padget, Graham and Laney, P.A.,* Columbia, *for appellant.*

*A. Camden Lewis* and *Keith M. Babcock, Lewis, Babcock, Pleicones and Hawkins,* Columbia, *for respondents.*

Heard Jan. 24, 1989.

Decided March 6, 1989.

*Per Curiam:*

This is an action for breach of contract. The jury awarded respondent Manning $4,120,000 in damages. We affirm.

In 1967, Manning conveyed to the City of Columbia a 120-acre parcel of land on the Congaree River. City built a waste water treatment plant on the site. City's parcel included a

portion of a fifteen-mile system of levees along the river built by Manning prior to 1967. The deed to City included a covenant that City "maintain at its sole expense, in perpetuity, all existing dikes ... to the height at the time of this conveyance."

On October 10, 1976, the City's portion of the levee broke in two places allowing the river to flood an adjacent 1806-acre parcel owned by Manning. Raw sewage seeped out from manholes on Manning's property. It took five days for the flood waters to recede. Manning subsequently commenced this action.[1]

City argues its motions for directed verdict or j.n.o.v. should have been granted on the ground Manning presented no evidence that City's lack of maintenance caused the two breaches in its portion of the levee.

It is undisputed that City did not "maintain" its portion of the levee insofar as it did not keep it in a condition to make visual inspection possible. The only direct evidence that City's lack of maintenance caused the breaches is the opinion testimony of Frank McAulay.

McAulay is a land surveyor hired by Manning. McAulay investigated the standards for building levees by inquiring of the Army Corps of Engineers. McAulay testified regarding Manning's maintenance program and the lack of maintenance he witnessed on the City's portion of the levee. He was then asked whether it was his opinion that City's lack of maintenance caused the breaches. Over City's objection he was allowed to give an affirmative response. City claims the trial judge erred in qualifying McAulay as an expert regarding the levees and allowing his opinion without a factual basis.

The qualification of an expert witness and the admissibility of his opinion are matters resting largely within the trial judge's discretion. *South Carolina Dep't of Highways and Public Transp. v. Manning*, 283 S. C. 394, 323 S. E. (2d) 775 (1984); *Prince v. Associated Petroleum Carriers*, 262 S. C. 358, 204 S. E. (2d) 575 (1974). To qualify as

---

[1] Manning also brought an action for inverse condemnation in which the jury found in his favor but awarded no damages. Inverse condemnation is not an issue on appeal.

an expert, a person must have acquired by study or practical experience a special knowledge of a subject matter about which the jury's good judgment and average knowledge is inadequate. *Honea v. Prior*, 295 S. C. 526, 369 S. E. (2d) 846 (Ct. App. 1988). McAulay's specialized knowledge and practical experience in inspection of the levees qualified him to give an opinion regarding the probable result of failure to maintain the levees. McAulay gave a sufficient factual basis for his opinion by stating the purpose of constantly inspecting the levee system was to verify its integrity. *Young v. Tide Craft, Inc.*, 270 S. C. 453, 242 S. E. (2d) 671 (1978) (opinion testimony based on facts within own knowledge). We hold the trial judge did not abuse his discretion in allowing this testimony and that he properly refused City's motion for directed verdict and j.n.o.v. on the issue of causation. *See Neil v. Byrum*, 288 S. C. 472, 343 S. E. (2d) 615 (1986) (standard of review).

City also moved for a directed verdict or j.n.o.v. on the ground there was no evidence of a breach of the contract. The pertinent covenant in Manning's deed to City requires City to "maintain" existing levees "to the height at the time of this conveyance." City argues this language merely imposes a duty on City to keep the levee up to a certain height, not that it must inspect and repair it. Because there is no evidence the levee was below the required height, City contends Manning failed to establish a breach of the covenant.

We find City's proposed construction of the deed untenable. A covenant imposing an affirmative duty on the grantee will be strictly construed and not enforced unless the obligation is imposed in clear and unambiguous language sufficiently definite to guide the court in its application. *Lovering v. Seabrook Island Property Owners Ass'n*, 289 S. C. 77, 344 S. E. (2d) 862 (Ct. App. 1986). Applying this rule, we find it clear that "maintain" expresses the intent of the parties that City keep in repair that portion of the level on its parcel. *See* Black's Law Dictionary 859 (rev. 5th ed. 1979). The trial judge properly denied City's motions for directed verdict or j.n.o.v. on this ground.

Next, City complains the trial judge should not have allowed evidence of the City's repair of the levee in 1977 and its maintenance of the levee subsequent to the flood. City contends this evidence is irrelevant.

A ruling on the admission of evidence is within the trial judge's discretion and will not be disturbed absent an abuse thereof and a showing of prejudice. *Jenkins v. Waterfront Employers-Internat'l Longshoremen Assoc. Pension Welfare and Vacation Fund*, 260 S. C. 277, 195 S. E. (2d) 598 (1973). This is not a negligence action in which post-injury repairs must be excluded. *See Maus v. Pickens Sentinel Co.*, 258 S. C. 6, 186 S. E. (2d) 809 (1972). Because City has failed to show any prejudice from the admission of this evidence, we affirm the trial judge's ruling.

Finally, City contests the damages award on the ground Manning's proof of lost value was improperly admitted.

Manning presented evidence at trial that he suffered a total of $119,282 in damages to his soybean crop. City does not contest this amount. Manning further introduced evidence that his land was worth $8,230,000 before the flood as commercial development real estate and was worth only $4,063,000 as agricultural property after the flood. City contests the admission of this evidence on the ground this element of damages was unforeseeable and too speculative.

Damages recoverable for breach of contract either must flow as a natural consequence of the breach or must have been reasonably within the parties' contemplation at the time of the contract. *Kline Iron and Steel Co. v. Superior Trucking Co.*, 261 S. C. 542, 201 S. E. (2d) 388 (1973). Manning presented abundant evidence that since the flood his property carried a negative stigma as floodland, thwarting financing and negotiations for commercial development. While this element of damages does not flow as a natural consequence of the breach, it is clear that commercial development of the property was within the parties' contemplation at the time of the contract. The deed itself refers to a projected use as an airfield. It also allows for raising the height of the levees which would not be necessary unless a changed use of the land was contemplated. Moreover, the

very conveyance to City of a parcel of this land for commercial use indicates the reasonable probability of the continued development of adjacent parcels.

City places much emphasis on the fact that the levees are not adequate at their present height to qualify as flood protection for other than agricultural use of the land. At the time of the conveyance in 1967, however, there were as yet no regulations regarding the adequacy of the levees. City cannot rely on the present status of the levees to support its argument that commercial development was not within the parties' contemplation at the time of the contract. Moreover, as mentioned above, the deed itself indicates Manning's intent to raise the height of the levees in the future.

We hold the evidence of lost value was properly before the jury for consideration. Because the amount of damages awarded falls within the range of damages presented at trial, we affirm the jury's award. *See Higgins Constr. Co. v. Southern Bell Telegraph & Telephone Co.*, 276 S. C. 663, 281 S. E. (2d) 469 (1981).

City's remaining exception is without merit and is disposed of pursuant to Supreme Court Rule 23. *See Tinsley v. Ervin Co.*, 264 S. C. 487, 217 S. E. (2d) 170 (1975).

Accordingly, the judgment of the circuit court is

Affirmed.