307 S.C. 161 (1992)
414 S.E.2d 138
Tammi STRANGE and Jonnie Faye Hudson, Respondents
v.
S.C. DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.
23570
Supreme Court of South Carolina.
Heard December 6, 1991.
Decided February 10, 1992.
*162 Susan P. McWilliams and Russell T. Burke, of Nexsen, Pruet, Jacobs & Pollard, Columbia, for appellant.
Clifford O. Koon and R. Bryan Barnes, of Sherrill and Rogers, P.A., Columbia, for respondents.
Heard Dec. 6, 1991.
Decided Feb. 10, 1992.
HARWELL, Chief Justice:
Appellant South Carolina Department of Highways and Public Transportation contends the trial judge committed a variety of errors when he presided over the trial of this personal injury lawsuit. We agree with several of appellant's assertions, and, accordingly, reverse and remand for a new trial.

I. FACTS
Respondents Tammi Strange and Jonnie Faye Hudson drove to a tavern one rainy night in order to use a telephone *163 there. They traveled along an unpainted, ungraded secondary road covered with dark, new asphalt. On the way back home, respondents' automobile ran off the shoulder of the newly paved road, regained the pavement, skidded across to the other side of the road, and crashed into a telephone pole. They both suffered multiple injuries. Respondents brought an action against appellant and others alleging negligence in maintaining the road and in failing to warn that a dangerously low shoulder bordered the road. Appellant denied respondents' allegations, and pleaded a variety of defenses under the South Carolina Tort Claims Act. It also asserted that respondents were contributorily negligent, and assumed the risk of traversing what they knew to be a hazardous stretch of road.
Trial was held, and the jury returned a verdict for respondents. Appellant brought this appeal, alleging the trial judge erred (1) in denying appellant's motions for a directed verdict and judgment notwithstanding the verdict on the grounds that appellant is immune from liability under the South Carolina Tort Claims Act; (2) in his handling of expert testimony; (3) in denying appellant's motions for directed verdict and judgment notwithstanding the verdict because respondent Hudson was negligent as a matter of law; (4) in admitting or not admitting various proffers of evidence, including certain photographs and testimony; and (5) in refusing to charge jury instructions requested by appellant regarding assumption of the risk and cautioning the jury against comparing the respective negligence of each party.

II. DISCUSSION

A. EXPERT TESTIMONY
The qualification of an expert witness and the admissibility of his opinion are matters resting largely within the discretion of the trial judge. Manning v. City of Columbia, 297 S.C. 451, 377 S.E. (2d) 335 (1989). This Court will not disturb a ruling made pursuant to the trial judge's discretion absent an abuse of his discretion and a showing of prejudice to the party complaining. Id.
Appellant first asserts that the trial judge abused his discretion in qualifying respondents' expert witness as an accident reconstruction expert when respondents *164 had not identified their witness as an expert in accident reconstruction prior to trial. We agree.
The trial judge initially qualified respondents' expert as an expert in the field of traffic engineering and geometric design. During direct examination, respondents' attorney began questioning the expert witness regarding his opinion as to the cause of the accident. Appellant objected on the grounds that such an opinion would call for expertise in the area of accident reconstruction, and that respondents had not identified their witness as an expert in the field of accident reconstruction. The trial judge nevertheless qualified respondents' expert witness as an expert in accident reconstruction and allowed him to offer his opinions regarding the cause of the accident.
We find that appellant was unfairly surprised by the qualification, and was denied the opportunity to adequately prepare for cross-examination of the expert as to his opinions regarding the cause of the accident. Thus, we hold that the trial judge abused his discretion in qualifying respondents' expert as an expert in the field of accident reconstruction.
Appellant next contends that the trial judge abused his discretion in allowing respondents' expert to render an opinion regarding the ultimate issue in the case while denying appellant's expert the opportunity to render his opinion on the ultimate issue in the case. We agree.
During respondents' case-in-chief, respondents' expert gave his opinion regarding the ultimate issue in the case, the parties' negligence. Appellant similarly presented expert testimony during the defense phase of the trial. When appellant's counsel inquired of its expert witness whether he had formulated an opinion regarding the ultimate issue of the parties' negligence, however, the trial judge refused to allow appellant's expert to render his opinion on the grounds that the facts were disputed, the testimony was in variance, and it would be confusing to the jury to hear an opinion from another expert witness.
It is the duty of the jury to weigh conflicting evidence. Jones v. Grissett, 258 S.C. 22, 186 S.E. (2d) 829 (1972). Appellant was prohibited from contradicting respondents' expert witness's opinion on the ultimate issue through the use of its expert witness. Cf. Bramlette v. Charter-Medical-Columbia, 302 S.C. 68, 393 S.E. (2d) 914 (1990). Accordingly, *165 we hold that the trial judge abused his discretion in not allowing appellant's expert the opportunity to render an opinion as to the ultimate issue after providing respondents with the identical opportunity.

B. JURY INSTRUCTIONS
Appellant next asserts that the trial judge erred in refusing to charge assumption of the risk. We agree.
Assumption of the risk requires an intelligent and deliberate choice to assume a known risk. A plaintiff is said to have assumed the risk as a matter of law when it appears that the plaintiff freely and voluntarily exposed himself to a known danger and understood and appreciated the danger. Broom v. Southeastern Highway Contracting Co., Inc., 291 S.C. 93, 352 S.E. (2d) 302 (Ct. App. 1986). Assumption of the risk, like contributory negligence, generally is a question of fact to be determined by the jury. Ballou v. Sigma Nu General Fraternity, 291 S.C. 140, 352 S.E. (2d) 488 (Ct. App. 1986).
Appellant presented testimony that its employees had placed low shoulder signs, delineators, and "25 mph" advisory signs along the roadside. Respondent Hudson had walked alongside the road during the daytime after it had been repaved in addition to having driven on the unpainted, ungraded, newly paved road prior to the accident.
A court must charge the jury on the law framed by the issues as made by the pleadings and the facts developed by the evidence in support of those issues. Tucker v. Reynolds, 268 S.C. 330, 233 S.E. (2d) 402 (1977). We conclude that there was sufficient evidence presented to entitle appellant to a jury charge regarding assumption of the risk. We therefore hold that the trial judge erred in refusing to instruct the jury regarding assumption of the risk.

C. IMMUNITY BASED ON DISCRETIONARY ACTS
Appellant next argues that it is immune from liability for respondents, losses because its acts were discretionary and therefore protected under the South Carolina Tort Claims Act. Because we remand for a new trial on other grounds, we decline to reach this issue. We direct appellant's attention, however, to our recent treatment of discretionary immunity *166 in Foster v. South Carolina Department of Highways and Public Transportation, 413 S.E. (2d) 31 (S.C. Sup. Ct. 1992) (Davis Adv. Sh. No. 1 at 42).
In sum, we hold that the trial judge erred in refusing, under the circumstances, to allow appellant's expert to testify as to the ultimate issue; in allowing respondents' expert to testify as an expert in accident reconstruction; and in failing to charge the jury regarding assumption of the risk. We dispose of appellant's remaining exceptions pursuant to Rule 220, SCACR.
The jury verdict is reversed and the case remanded for a new trial.
Reversed and remanded.
CHANDLER, FINNEY and TOAL, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.