THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
2001-CP-15-0677
Jorg D. Bewersdorf, Appellant,
v.
South Carolina Department of Public Safety, Respondent.
2002-CP-15-0136
Jorg D. Bewersdorf, Appellant,
v.
Colleton County, Respondent.
2002-CP-15-0135
Yvette Bewersdorf, Appellant,
v.
South Carolina Department of Public Safety and Colleton County,
Respondents.
 
 
 

Appeal From Colleton County
 Jackson V. Gregory, Circuit Court Judge

Unpublished Opinion No. 2007-UP-063
Submitted February 1, 2007  Filed February 12, 2007
Withdrawn, Substituted and Refiled March 23, 2007

AFFIRMED

 
 
 
Donald H. Howe and Eben H. Cockley, both of Charleston, for Appellant.
Maryann Seals and Marvin C. Jones, both of Walterboro, for Respondent South Carolina Department of Public Safety.
J. Reaves McLeod and Peden B. McLeod, both of Walterboro, for Respondent Colleton County.
 
 
 

PER CURIAM:  Jorg and Yvette Bewersdorf brought this action against the South Carolina Department of Public Safety and Colleton County after Jorg hit a cow while riding his motorcycle on Highway 17-A in Colleton County and was injured.  The trial judge granted both respondents a directed verdict, and the Bewersdorfs appeal.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities:  Vaughan v. Town of Lyman, 370 S.C. 436, 441, 635 S.E.2d 631, 634 (2006) ([the public duty rule] holds that public officials are generally not liable to individuals for their negligence in discharging public duties as the duty is owed to the public at large rather than anyone individually.) (quoting Steinke v. S.C. Deptof Labor, Licensing, and Regulation, 336 S.C. 373, 388, 520 S.E.2d 142, 149 (1999)); Estate of Haley ex rel. Haley v. Brown, 370 S.C. 240, 252, 634 S.E.2d 62, 68 (Ct. App. 2006) (When the evidence yields only one inference, a directed verdict in favor of the moving party is proper.); McDill v. Marks Auto Sales, Inc., 367 S.C. 486, 490, 626 S.E.2d 52, 55 (Ct. App. 2006) (The qualification of an expert witness and the admissibility of his or her opinion are matters resting within the sound discretion of the trial judge.); Mizell v. Glover, 351 S.C. 392, 406, 570 S.E.2d 176, 183 (2002) (For a court to find a witness competent to testify as an expert, the witness must be better qualified than the jury to form an opinion on the particular subject of the testimony.); Hanahan v. Simpson, 326 S.C. 140, 149, 485 S.E.2d 903, 908 (1997) (stating rule requiring submission of issue to jury whenever there is material evidence tending to establish issue in mind of reasonable juror does not require submission of speculative, theoretical, and hypothetical views to jury).
AFFIRMED.
ANDERSON, KITTREDGE and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.