19605

Robert Lee MATHIS, Jr., Respondent v. The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant.

(195 S. E. (2d) 713)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *John B. Grimball, Asst. Atty. Gen.,* of Columbia, *for Appellant.*

*W. Richard McClellion, Esq.,* of Anderson, *for Respondent.*

April 4, 1973.

Moss, Chief Justice.

Robert Lee Mathis, Jr., was convicted on May 18, 1970, in the General Sessions Court of Anderson County, of driving an automobile while under the influence of intoxicating liquor in violation of Section 46-343, of the Code, the same being a second offense. For some unexplained reason, the Clerk of the Court for Anderson County, in violation of Section 46-347 of the Code, did not report such conviction to the South Carolina State Highway Department until March 7, 1972. It further appears that on March 23, 1972, the South Carolina State Highway Department, pursuant to Section 46-348, notified the respondent that his license to

drive an automobile was suspended for one year from said date. The respondent also says that at the time of his sentence, he was informed by the presiding judge that his driver's license would be suspended for one year and that he did not drive an automobile during that period of time. However, during all of such time, he retained the physical possession of his official driver's license.

Robert Lee Mathis, Jr., the respondent herein, instituted this proceeding against the South Carolina State Highway Department, the appellant herein, alleging the foregoing facts and praying that the Court issue an order directing the appellant to revoke the suspension dated March 23, 1972, and reinstate his driving privilege.

The case came on for hearing before the Honorable Michael D. Glenn, Judge of the Family and County Court of Anderson County, who after a hearing, issued his order granting the relief sought. This appeal followed.

The appeal in this case came on to be heard by this Court at the 1973 March term. Upon the call of the case, we were advised that the respondent would be entitled to the return of his driver's license on March 23, 1973. This date now having passed, and the respondent being entitled to the return of his driver's license, has rendered the issues made by this appeal, moot and academic. There remains no actual controversy between the parties. We have held that this Court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy. *Fabian's Uptown v. South Carolina Tax Commission,* 247 S. C. 164, 146 S. E. (2d) 608. A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for reviewing Court to grant effectual relief. Such is the situation here.

Appeal dismissed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, J.J., concur.