22218

Mari EDWARDS, Richland County DSS,[1] Respondent, In the Interest of Terri Hars, dob 2/13/75, Benjamin Hars, dob 8/11/76, Children Under the Age of Eighteen Years, v. Elby and Darlene HARS of which Darlene Hars is Appellant.

(326 S. E. (2d) 408)

Supreme Court

---

[1] DSS was not represented at oral argument.

*Herbert W. Hamilton,* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for appellant.*

*Solicitor's Office, Fifth Judicial Circuit,* Columbia, *for respondent.*

*Robert F. Buggel,* Columbia, *for minor children.*

Heard Nov. 14, 1984.

Decided Jan. 23, 1985.

SHAW, Acting Associate Justice:

This is an appeal from a family court order holding valid signed consents and waivers for terminating the parental rights of Darlene Hars and denying a motion to dismiss this case for failure to hold a hearing within thirty days. We affirm.

In this appeal we have jurisdiction to correct errors of law and make factual findings in accordance with our own view of the preponderance of the evidence. *Stevenson v. Stevenson,* 276 S. C. 475, 279 S. E. (2d) 616 (1981).

After law enforcement officers took Terri and Benjamin Hars into emergency protective custody, respondent Richland County Department of Social Services filed a petition to remove the children from the custody of their parents,

Elby and appellant Darlene Hars. Mrs. Hars motioned the family court to (1) dismiss the petition on the ground a hearing to determine whether removal was necessary was not held within thirty days of receipt of the petition, and (2) vacate consents to the termination of her parental rights on the ground she signed the forms involuntarily. The court denied both motions.

On May 19, 1982, law enforcement officers took Terri and Benjamin into protective custody pursuant to S. C. Code Ann. Section 20-7-610 (A) (Supp. 1983). The following day DSS initiated proceedings to remove the children from their parents' custody by filing a petition with the family court pursuant to Sections 20-7-610 (D), 20-7-736 (B), (C). On June 30, 1982, the court appointed counsel for Mrs. Hars pursuant to Section 20-7-110. On July 9, 1982, Mrs. Hars moved to dismiss the petition on the ground a hearing to determine whether removal was needed had not been held in accordance with Sections 20-7-610 (D), 20-7-736 (D). On August 10, 1982, based on allegations in the petition, Mr. Hars was charged with first degree criminal sexual conduct of his children. Pursuant to a plea bargain, he pled no contest to third degree criminal sexual conduct on August 10 and was released on probation. On August 11, 1982 Mrs. Hars signed consent to adoption forms without contacting her attorney.

At the hearing on her motion to vacate the consents, Mrs. Hars testified a DSS worker stated her signature on the forms was required under Mr. Hars plea bargain. However, both the solicitor and counsel appointed for Mr. Hars testified to telling Mrs. Hars her consent could not be required as a condition to her husband's plea bargain. These witnesses also testified to explaining to Mr. Hars, in Mrs. Hars' presence, that pleading no contest would hurt their chances of retaining custody of their children. Mrs. Hars testified she had a twelfth grade education and understood the questions on the forms. We find nothing improper with the solicitor telling Mrs. Hars she did not have to sign, or with his conferring with Mr. Hars in her presence, and hold neither the solicitor nor DSS coerced Mrs. Hars into signing the forms. We further hold that having voluntarily signed the consents, Mrs. Hars lacks standing to maintain an

action to dismiss the petition for removal. *See Mathis v. S. C. State Highway Department*, 260 S. C. 344, 195 S. E. (2d) 713 (1973).

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.