22543

Ex parte LATHAN J. by his Guardian ad litem, Mark D. CHAPPELL, In re LATHAN J., a Minor Under the Age of Seventeen years, Appellant.

(343 S. E. (2d) 619)

Supreme Court

*John D. Elliott,* and *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford, Staff Attorney Norman Mark Rapoport,* and *Solicitor James C. Anders,* Columbia, *for respondent.*

*Mark D. Chappell,* West Columbia, *Guardian ad Litem.*

Heard March 26, 1986.

Decided May 5, 1986.

FINNEY, Justice:

This is an appeal from an order of the Family Court of Richland County finding the minor in violation of the South Carolina Compulsory School Attendance Act, S. C. Code Ann. Section 59-65-10, *et seq.,* (1976). We affirm.

On October 6, 1984, the minor appellant and his mother were served with a petition alleging that the appellant had five unexcused absences during the school year. A hearing was held on October 23, 1984, during which the state relied solely upon the minor's school attendance record. No school

official was present at the hearing to verify the records, and the appellant was not afforded the opportunity to cross examine concerning the records. The minor presented testimony from his mother and a probation counselor from the Richland County Department of Youth Services.

The minor was found guilty of violating the South Carolina Compulsory School Attendance Act, and on November 30, 1984, he was ordered to have no additional unexcused absences for the remainder of the 1984-1985 School Year. The record indicates that the minor appellant complied fully with the Order of the lower court.

The appellant challenges the constitutionality of the Compulsory School Attendance Act and the admissibility of the appellant's school attendance records as evidence.

The order before this Court shows, on its face, that it expired at the conclusion of the 1984-85 School Year. Further, it appears from the record that the minor was born on June 10, 1968, is now over the age of seventeen (17) years, and is no longer subject to the provisions of the Compulsory School Attendance Act. We conclude that the issues addressed by this controversy are moot; and as this Court stated in *Mathis v. South Carolina Highway Department,* 260 S. C. 344, 195 S. E. (2d) 713, "this Court will not pass on moot or academic questions or make adjudications where there remains no actual controversy."

A search of the record reveals that this appellant does not suffer any continuing disability nor are we able to discern any collateral legal consequences.

We affirm.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.