### 22815

Jane DOE, Respondent-Appellant v. STATE of South Carolina, South Carolina Department of Social Services, Charleston County Department of Social Services, and Nancy Worley, and Deborah B. Rodwell, in their official capacities as social workers for the Charleston County Department of Social Services, Defendants, of Whom State of South Carolina, South Carolina Department of Social Services, Charleston County Department of Social Services and Deborah B. Rodwell are Appellants-Respondents, and John DOE, a minor under the age of fourteen (14) years, by his Guardian ad Litem, Jane Doe, Respondent-Appellant v. STATE of South Carolina, South Carolina Department of Social Services, Charleston County Department of Social Services, and Nancy Worley, and Deborah B. Rodwell, in their official capacities as social workers for the Charleston County Department of Social Services, Defendants, of Whom State of South Carolina, South Carolina Department of Social Services, Charleston County Department of Social Services and Deborah B. Rodwell are Appellants-Respondents.

(363 S. E. (2d) 106)

Supreme Court

*Joel H. Smith* and *Arthur L. Coleman*, both of *Nelson, Mullins, Riley & Scarborough*, Columbia, *for appellant-respondent South Carolina Dept. of Social Services.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. B. J. Willoughby* and *Jane McCue Johnson*, Columbia, *for appellant-respondent State of South Carolina.*

*E. Jeannette Heyward*, of *Long, Smith and Jordon*, Charleston, *for appellants-respondents Charleston County Dept. of Social Services* and *Deborah B. Rodwell.*

*Tony R. Megna*, of *Cooper, Coffas, Heizer, Studemeyer and Megna*, Columbia, *for respondents-appellants.*

Heard Oct. 20, 1987.

Decided Dec. 7, 1987.

NESS, Chief Justice:

Appellants-Respondents Jane and John Doe (Doe) brought this action against Respondents-Appellants (DSS) seeking a declaratory judgment, injunctive relief and mone-

tary damages. Doe alleged S. C. Code Ann. § 20-7-610 (1985) is unconstitutional; DSS had violated common law and statutory duties in removing John Doe from the custody of Jane Doe; and, the actions of DSS constituted a violation of their constitutional rights to due process and privacy. The trial court granted summary judgment for Doe. We reverse.

On April 27, 1984, Rodwell (worker), an employee of Charleston County DSS (County), went to a local school in response to a report of an abused child. The child had a bruise on its back. Worker contacted the police and the child was placed in th emergency protective custody of County. Mother, Jane Doe, was contacted by worker prior to the removal and did not deny beating the child.

On April 30, 1984, DSS filed a removal petition. On May 10, 1984, thirteen (13) days after the removal, a probable cause hearing was held. The family court judge concluded there was probable cause to take the child into emergency custody. No appeal was taken from this order.

On June 5, 1984, forty (40) days after the removal, a merits hearing was held on the DSS petition. The parties had reached a compromise agreement and the order of the family court judge held the discipline Mother administered was excessive in manner and degree. Custody was returned to Mother and counseling and supervision ordered. This order was also not appealed.

DSS argues the present action, commenced on April 18, 1986, is barred by the prior action in the family court. The trial judge held this action was not barred because the family court had no jurisdiction to entertain the plaintiffs' complaints and because Jane Doe had not had a full and fair opportunity to litigate her claims in the family court. We disagree.

Under the doctrine of collateral estoppel parties are prevented from relitigating specific issues in a second suit, based on a separate claim, where the issues were previously decided in litigation. *Richburg v. Baughman*, 290 S. C. 431, 351 S. E. (2d) 164 (1986); *see also Edwards v. Hars*, 284 S. C. 131, 326 S. E. (2d) 408 (1985) (Having voluntarily signed consents to adoption and waivers for terminating her parental rights, mother lacks standing to maintain an action to dismiss petition for removal on ground a hearing was not

held within thirty days). The issue of whether the child was wrongfully removed was decided adversely to Doe in the family court. Because Doe consented to the order she is now precluded from asserting she was denied due process by the removal. The removal was found to be proper and therefore, Doe can show no prejudice. Accordingly, we reverse and order summary judgment be entered for DSS.

We take this opportunity to remind solicitors and ■ family court judges that the schedule of hearings contained in S. C. Code Ann. § 20-7-610 (1985) must be strictly complied with. Family court judges should order custody be returned to a child's parent or legal guardian if the hearings are not held within 10 days after the time limitations contained in the statute.

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.