23019

SOUTHERN BELL TELEPHONE & TELEGRAPH CO., Appellant v. HERLONG PONTIAC-CHEVROLET BUICK, INC., Pendarvis Chevrolet-Oldsmobile Company, Yonce Motor Ford Mercury, Inc., Steven W. Hamm in his capacity as Consumer Advocate for the State of South Carolina, the South Carolina Public Service Commission, AT&T Communications of the Southern States, Inc. and MCI Telecommunications Corporation, Respondents.

(379 S. E. (2d) 902)

Supreme Court

A. Camden Lewis and Mary G. Lewis of Lewis, Babcock, Pleicones & Hawkins, and Fred A. Walters, of Southern Bell Tel. & Tel. Co., Columbia, for appellant.

D. Reece Williams, III, and Frank R. Ellerbe, III, Columbia, for respondents Herlong Pontiac-Chevrolet Buick, Inc., Pendarvis Chevrolet-Oldsmobile Co., and Yonce Motor Ford Mercury, Inc.

Sarena D. Burch, Columbia, for respondent S. C. Public Service Com'n.

Steven W. Hamm, Columbia, for respondent S. C. Consumer Advocate.

Francis P. Mood, Columbia, for respondent AT&T Communications of the Southern States, Inc.

D. Christian Goodall, Columbia, for respondent MCI Telecommunications Corp.

Heard Feb. 21, 1989.

Decided May 30, 1989.

CHANDLER, Justice:

Southern Bell Telephone & Telegraph Co. (Southern ■■ Bell) appeals the Circuit Court's affirmance of a Public Service Commission (PSC) determination that the public interest would be served by an adjustment of LATA[1] boundaries in Edgefield County.
We dismiss the action as moot.

---

[1] Local Access and Transport Area, described infra.

LATA's were created out of the antitrust litigation between American Telephone & Telegraph Company (AT&T) and the United States.

In 1982, the parties to that litigation submitted a proposed consent decree to the United States District Court for the District of Columbia. In essence, the proposal required AT&T to divest itself of subsidiary Bell Operating Companies supplying local telephone service. The settlement was approved by the Court (Divestiture Court) which retained control of implementation and enforcement of the decree. *United States v. American Tel. & Tel. Co.*, 552 F. Supp. 131 (D.D.C. 1983), *aff'd sub nom. Maryland v. United States*, 460 U. S. 1001, 103 S. Ct. 1240, 75 L. Ed. (2d) 472 (1983).

Subsequently, a plan of reorganization submitted under guidelines established by the decree, geographically divided all Bell territory into LATA's. The LATA's establish "the boundaries beyond which a Bell Operating Company may not carry telephone calls." *United States v. Western Electric Co.*, 569 F. Supp. 990, 994 (D.D.C. 1983) (footnote omitted). *See also GTE Sprint Communications Corp. v. Public Service Comm'n*, 288 S. C. 174, 341 S. E. (2d) 126 (1986).

After it approved the LATA designations, the Divestiture Court set out procedures for adjustment of LATA boundaries, which provided that all requests be channelled through the Justice Department.

Although the plan divides South Carolina into four LATA's, a portion of Edgefield County is located in the Augusta, Georgia, LATA, with the remainder in the Columbia LATA. Respondents seek to have all of Edgefield County placed within the Augusta LATA.

To this end, Respondents petitioned PSC to request approval by the Justice Department of the proposed LATA change. Southern Bell intervened and a public hearing was held. PSC issued an Order which held, in part, that the public would be served by the change to the Augusta LATA. The finding was affirmed by the Circuit Court.

All parties concede that adjustment of LATA boundaries is a determination to be made initially by the Justice Department and, ultimately, by the Divestiture Court. Neither this Court, the Circuit Court, nor PSC has authority to make an adjudication of requests for LATA changes.

Accordingly, we dismiss the appeal as moot.[2] Dismissal is without prejudice to the parties' right to assert their claims in future proceedings before the Divestiture Court.

Dismissed.

---

[2] "A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy," as "when some event occurs making it impossible for [the reviewing court] to grant effectual relief." *Mathis v. South Carolina State Highway Dep't,* 260 S. C. 344, 195 S. E. (2d) 713 (1973).