THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(c)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dan F. Williamson and Dan F. Williamson and Company,       
Respondents/Appellants,
 
 
 

v.

 
 
 
Alfred C. Middleton,       
Appellant/Respondent.
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court 
 Judge
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2005-UP-011
Heard December 13, 2004  Filed January 
 11, 2005

AFFIRMED IN PART, REVERSED IN PART, 
 AND REMANDED

 
 
 
James C. Parham, Jr. and Patricia 
 S. Ravenhorst, both of Greenville, for Appellant/Respondent.
Desa A. Ballard, of W. Columbia, 
 for Respondents/ Appellants.
 
 
 

PER CURIAM:  This is a cross-appeal from 
 an action involving unfair trade practices, breach of fiduciary duty, unpaid 
 commissions, and frivolous proceedings.  Alfred C. Middleton appeals from the 
 trial courts rulings on his motions for summary judgment, directed verdict, 
 judgment notwithstanding the verdict, sanctions, and prejudgment interest.  
 He also argues the trial court erred by admitting a brochure into evidence.  
 Dan F. Williamson and Dan F. Williamson and Company also appeal, arguing the 
 judge who awarded attorneys fees did not have jurisdiction to do so, and in 
 the alternative, that the factors for attorneys fees were not met.  We affirm 
 in part, reverse in part, and remand.
FACTS
Williamson, the owner of a material handling 
 and packaging systems company called Dan F. Williamson and Company, employed 
 Middleton as a commissioned salesman.  After working for Williamson for several 
 years, Middleton voluntarily terminated his employment and began to work for 
 Peninsula Plastics, Inc., one of Williamsons pallet suppliers.  
Before leaving Williamsons employ, Middleton 
 sold products to Kaltex, Inc., and was due a commission.  Middleton claims he 
 sold two thousand pallets, which were to be delivered in four installments of 
 five hundred pallets each; however, Williamson claims Middleton only sold five 
 hundred pallets to Kaltex.  In any event, Williamson never paid Middleton any 
 commission for the sale even though it acknowledges that he was owed at least 
 $906.62.
Also prior to leaving his job at Williamson, Middleton 
 asked one of Williamsons customers if he could use a photograph that was taken 
 at the customers plant to advertise Williamsons product in a brochure and 
 on a website.  The customer granted him permission, and the photograph was used 
 in Williamsons copyrighted brochure.  
After Middleton began working for Peninsula Plastics, 
 he was involved in creating an advertisement brochure for Peninsula Plastics.  
 The Peninsula Plastics brochure was similar to Williamsons brochure in many 
 ways, and the photograph used in Peninsula Plastics brochure appeared to be 
 the same photograph that was used in Williamsons brochure, though Middleton 
 denied it was the same photograph.  Peninsula Plastics also began selling 
 its products to customers who had formerly done business with Williamson.
Williamson filed a complaint against Middleton, 
 alleging causes of action for fraud, constructive fraud, breach of fiduciary 
 duty, and violation of the South Carolina Unfair Trade Practices Act. Middleton 
 denied the allegations and filed a counterclaim for commissions owed and sanctions 
 under the South Carolina Frivolous Proceedings Act.  
Prior to trial, Middleton moved to dismiss Williamsons 
 claims for fraud, constructive fraud, and unfair trade practices.  Williamson 
 voluntarily dismissed its claims for fraud and constructive fraud, and the court 
 denied Middletons motion to dismiss Williamsons unfair trade practices claim.  
 At the close of Williamsons case in chief, Middleton moved for a directed verdict 
 as to Williamsons remaining causes of action for unfair trade practices and 
 breach of fiduciary duty.  The court granted the motion as to the unfair trade 
 practices claim but denied the motion as to the fiduciary duty claim.  At the 
 close of Middletons case, Middleton again moved for a directed verdict on the 
 claim for breach of fiduciary duty, and the court denied the motion.
The jury returned its verdict in favor of Middleton 
 on Williamsons remaining cause of action for breach of fiduciary duty.  The 
 jury also found in favor of Middleton on his counterclaim for unpaid commissions 
 in the amount of $906.62 actual damages.  Middleton moved for a judgment notwithstanding 
 the verdict and prejudgment interest, both of which were denied.  The trial 
 court also denied Middleton relief under the Frivolous Proceedings Act.  
After the verdict, the trial judge, Judge Pyle, 
 informed the parties that Middleton was entitled to attorneys fees but did 
 not set an amount.  Judge Pyle asked the parties to resolve the issue among 
 themselves, and he explained that if they could not agree, he would set the 
 amount of attorneys fees for them.  Because the parties could not resolve the 
 issue of attorneys fees, Middleton petitioned the court for assistance.  Following 
 a hearing, Judge Miller rather than Judge Pyle, awarded Middleton $35,000.00 
 in attorneys fees plus $2,209.27 in costs.  This cross-appeal followed.
LAW/ANALYSIS
Middleton argues the trial court erred (1) 
 denying his motion for a directed verdict as to Williamsons claim for breach 
 of fiduciary duty  (2) denying his motion to exclude evidence regarding Williamsons 
 copyrighted company brochure (3) denying his motion for JNOV (4) denying his 
 motion for attorneys fees and costs (5) failing to grant his motion for summary 
 judgment as to Williamsons claim for unfair trade practices, and (6) denying 
 his motion for prejudgment interest on the amount of damages awarded.  Williamson 
 argues Judge Miller first erred in concluding he had jurisdiction to award attorneys 
 fees and also erred in awarding fees because the factors supporting an award 
 of attorneys fees were not met.
I.       Middletons Appeal

 a.       
The issue of whether 
 the trial court erred in failing to grant Middletons motion for directed verdict 
 on Williamsons breach of fiduciary duty claim is moot. 

Middleton first argues 
 the trial court erred in failing to grant his motion for directed verdict on 
 Williamsons breach of fiduciary duty claim.  We find this issue is moot. 
A case becomes moot when judgment, if rendered, 
 will have no practical legal effect upon existing controversy, as when some 
 event occurs making it impossible for [the reviewing court] to grant effectual 
 relief.  Southern Bell Tel. & Tel. Co. v. Herlong Pontiac-Chevrolet 
 Buick, Inc., 298 S.C. 299, 301 n.2, 379 S.E.2d 902, 904 n.2 (1989) (brackets 
 in original) (quoting Mathis v. South Carolina State Highway Dept, 260 
 S.C. 344, 195 S.E.2d 713 (1973)).  Moreover, a party may appeal only if it is 
 aggrieved by the result of the trial court.  Rule 201(b), SCACR.
In this matter, Middleton received a jury verdict 
 in his favor at trial on the breach of fiduciary duty claim.  As a result, Middleton 
 is not an aggrieved party.  Therefore, this issue is moot.

 b.       
There was no error in allowing evidence regarding the copyright of the 
 Williamson Brochure. 
 

Middleton next argues the trial court erred in 
 allowing any reference to the Williamson brochure because the state law claims 
 of Williamson are preempted by the Federal Copyright Act of 1976.  Specifically, 
 Middleton alleges the Federal Copyright Act preempts and precludes any reference 
 of the copyrighted brochure in support of Williamsons claim for breach of fiduciary 
 duty.  We disagree.  
The admission of evidence is within the broad discretion 
 of the trial court.  Manning v. City of Columbia, 297 S.C. 451, 455, 
 377 S.E.2d 335, 336 (1989).  The trial courts ruling will not be disturbed 
 absent an abuse of discretion.  Id.   
None of Williamsons claims against Middleton were 
 based on copyright infringement.  Thus, federal preemption is not an issue in 
 this case.  Instead, Williamson relied on the brochure, which was very similar 
 to Peninsula Plastics brochure, to support his claim that Middleton breached 
 the fiduciary duty he owed to Williamson.  Because the Williamson brochure was 
 relevant to Williamsons breach of fiduciary duty claim, we find no error in 
 the trial courts decision to allow the brochure into evidence.

 c.       
The trial court did not err in denying Middletons motion for JNOV. 
 

 Middletons third argument is that the 
 trial court erred in denying his motion for judgment not withstanding the verdict.  
 We disagree.  
In ruling on a JNOV motion, the trial 
 court must view the evidence and the inferences that can be reasonably drawn 
 therefrom in light most favorable to the party opposing the motion.  Steinke 
 v. S.C. Dept of Labor, Licensing and Regulation, 336 S.C. 373, 386, 520 
 S.E.2d 142, 148 (1999). [T]he trial court should not grant JNOV where the evidence 
 yields more than one inference.  An appellate court may not overturn the decision 
 of the trial court . . . if there is any evidence to support the ruling.  Rogers 
 v. Norfolk Southern Corp., 356 S.C. 85, 92, 588 S.E.2d 87, 90 (2003).  
Initially, we note that Middleton received a jury 
 verdict in his favor.  Therefore, the appropriate remedy to challenge the sufficiency 
 of a jury award is by additur.  See, e.g., Waring v. Johnson, 
 341 S.C. 248, 257, 533 S.E.2d 906, 911 (Ct. App. 2000).
Furthermore, we find sufficient evidence to support 
 the jurys verdict.  Williamson put forth testimony that the only amount owed 
 to Middleton was $906.62, exactly what the jury awarded.  Thus, the trial court 
 did not err in denying Middletons JNOV motion.

 d.        The trial court 
 properly denied Middletons motion for sanctions under the Frivolous Proceedings 
 Act.

Middleton next argues the trial court erred in failing to 
 award him sanctions under the Frivolous Proceedings Act. [1]   We disagree.
The determination of whether attorneys fees should be awarded 
 under the Frivolous Proceedings Act is treated as one in equity.  Hanahan 
 v. Simpson, 326 S.C. 140, 156, 485 S.E.2d 903, 912 (1997).  Thus, in reviewing 
 this issue, this court may take its own view of the preponderance of the evidence.  
 Id.  
Section 15-36-20 of the Frivolous Proceedings Act creates 
 a presumption that a person taking part in the initiation or continuation of 
 proceedings acted with a proper purpose if he reasonably believes in the existence 
 of facts upon which his claim is based and either (1) reasonably believes under 
 the facts that his claim may be valid under existing or developing law, or (2) 
 relies upon the advice of counsel, sought in good faith and given after full 
 disclosure of all facts within his knowledge.  Hanahan, 326 S.C. at 
 156-57, 485 S.E.2d at 912.  The rule of Hanahan states that where a 
 party survives a summary judgment motion, it is not subject to sanctions after 
 a trial on the merits of the surviving claims.  Id.
Here, Williamson clearly submitted evidence supporting his 
 claims, which is evidenced by the trial courts denial of summary judgment on 
 his claim for unfair trade practices and the denial of a directed verdict on 
 his claim for breach of fiduciary duty.    Accordingly, under these facts, we 
 find no error in the trial courts denial of Middletons motion for sanctions 
 under the Frivolous Proceedings Act.  

 e.       The trial court 
 did not err in denying Middletons motion for summary judgment on Williamsons 
 claim for unfair trade practices.

Middleton asserts the trial court erred in denying the motion 
 for summary judgment on Williamsons claim for recovery under the Unfair Trade 
 Practices Act.  However, the denial of a motion for summary judgment is not 
 appealable, even after final judgment.  Olson v. Faculty House of Carolina, 
 Inc., 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003).  We therefore decline 
 to address this issue.

 f.         The trial 
 court erred in denying Middletons motion for prejudgment interest on the unpaid 
 commissions.

Middleton asserts the trial court erred in not awarding prejudgment 
 interest on the award for unpaid commissions.  We agree.
 Section 34-31-20(A) of the South Carolina Code of Laws 
 (1976) provides:

In all cases of accounts stated and in all cases wherein 
 any sum or sums of money shall be ascertained and, being due, shall draw interest 
 according to law, the legal interest shall be at the rate of eight and three-fourths 
 percent per annum.

Prejudgment interest is available only when the sum is certain 
 or capable of being reduced to certainty.  Lee v. Thermal Engineering, 
 352 S.C. 81, 88, 572 S.E.2d 298, 305 (Ct. App. 2002).
In this matter, the amount recovered by Middleton 
 for unpaid commissions, $906.62, was an amount conceded by Williamson from the 
 outset of the litigation.  Although Middleton sought money in addition to this 
 conceded amount, the $906.62 actually awarded to him was a sum certain that 
 Williamson admittedly owed. Therefore, the trial court erred in not awarding 
 prejudgment interest.
 II.            Williamsons Appeal
Williamson appeals the trial courts award of attorneys 
 fees.  Initially, Williamson alleges Judge Miller did not have jurisdiction 
 to entertain Middletons motion for attorneys fees because Judge Pyle retained 
 exclusive jurisdiction over the matter.  Secondarily, Williamson contends Judge 
 Miller erred in awarding attorneys fees because the factors supporting an award 
 of attorneys fees were not satisfied.  We agree that Judge Miller did not have 
 jurisdiction to entertain the motion for attorneys fees and remand the issue 
 to Judge Pyle. 
Where a judge has jurisdiction to hear a matter 
 and the matter is heard before him, he entertains jurisdiction until his decision 
 is rendered.  First Carolinas Joint Stock Land Bank of Columbia v. Knotts, 
 191 S.C. 384, 395, 1 S.E.2d 797, 808 (1939).  Until written and entered, the 
 trial judge retains discretion to change his mind and amend his oral ruling 
 accordingly.  Ford v. State Ethics Commn, 344 S.C. 642, 647, 545 S.E.2d 
 821, 823 (2001).  The written order is the trial judges final order and as 
 such constitutes the final judgment of the court.  Id.  A trial judge 
 who controlled the case below retains control of any post trial motions.  See, 
 e.g.,  In re Beard, 359 S.C. 351, 358, 597 S.E.2d 835, 838 (Ct. 
 App. 2004) (holding a trial judge loses jurisdiction over a case when the time 
 to file post-trial motions has elapsed).   
Judge Pyle presided over the trial in this matter.  
 Following the jury verdict, Middleton moved for attorneys fees under the Frivolous 
 Proceedings Act, but the trial judge denied this motion.  However, Judge Pyle 
 ruled Middleton was entitled to attorneys fees a result of the verdict in his 
 favor on the commissions issue.  Judge Pyle specifically undertook consideration 
 of the amount of attorneys fees, asking Middletons counsel if he had a figure 
 in mind for the amount that ought be awarded.  Before counsel responded, Judge 
 Pyle stated:

Why dont you do this?  Why dont you submit to [Williamsons 
 counsel] what you perceive to be an appropriate amount?  See if you can resolve 
 it between the two of you.  And if you cant resolve it, then submit it to me, 
 and I will resolve the problem for you.

Judge Pyle then reiterated, All right.  If you 
 cant get together and resolve it, then let me know . . . and I will resolve 
 it for you. 
In so stating, Judge Pyle assumed jurisdiction 
 until the final order was entered in the matter.  See First Carolinas 
 Joint Stock Land Bank of Columbia, 191 S.C. at 395, 1 S.E.2d at 808.  Because 
 the order was never reduced to a final order, Judge Pyle retained exclusive 
 jurisdiction over the award of the attorneys fees.  Id.  As a result, 
 we hold Judge Miller lacked jurisdiction to enter the award of attorneys fees 
 for Middleton.  
CONCLUSION
We AFFIRM the trial courts denial of Middletons 
 motions for directed verdict, JNOV, sanctions under the Frivolous Proceedings 
 Act, and summary judgment.  We also AFFIRM the trial courts decision to allow 
 evidence regarding the Williamson brochure.  However, we REVERSE the trial courts 
 denial of prejudgment interest on Middletons claim for commissions, and we 
 REVERSE and REMAND Judge Millers award of attorneys fees.
AFFIRMED in part, REVERSED in part, and REMANDED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 
 [1] S.C. Code Ann. §§ 15-36-10 through 15-36-50 (Supp. 2003).