THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
Robert Manes, Collete Manes, Danny R. Cohen, Roy A. Munn, Frederick R. Martin, Franklin R. Martin, Phillip J.
Godbey, and Sarah A. Godbey, Plaintiffs,
Of whom Frederick R. Martin is Appellant,
v.
Rita B. Thomas and L.J. Thomas, Jr., Respondents.
 
 
 

Appeal From Jasper County
 Jackson V. Gregory, Circuit Court Judge

Memorandum Opinion No. 2005-MO-054
Submitted September 22, 2005 - Filed October 31, 2005

AFFIRMED

 
 
 
Julian H. Toporek, of Savannah, Georgia, for Appellant.
Darrell T. Johnson, Jr., of Hardeeville, and R. Thayer Rivers, Jr., of Ridgeland, for Respondents.
 
 
 

PER CURIAM:  This appeal involves a motion to enforce our opinion in Manes v. Thomas, Op. No. 97-MO-049 (S.C. Sup. Ct. filed May 27, 1997).  The circuit court denied the motion, holding that Frederick R. Martin (Appellant) lacked standing and that the matter is moot.  We affirm.
FACTS
Appellant is one of many plaintiffs who brought an action against Rita and L.J. Thomas (Respondents), who had developed a subdivision and deeded parcels to the plaintiffs.  In the action, the plaintiffs sought to enforce certain restrictive covenants contained in the deeds.  They also sought money damages.
The trial court granted Respondents motion to require the plaintiffs to elect between remedies.  Appellant and his brother elected money damages.  All other plaintiffs elected enforcement of the covenants.  A jury awarded Appellant and his brother $20,000 each in damages.
In the equity portion of the proceedings, the trial court addressed the other plaintiffs claims for enforcement of the restrictive covenants.  The covenant at issue here required Respondents to dedicate the streets and roads in the subdivision to the county for public use and maintenance.  The trial court ordered Respondents to bring the streets and roads up to standards and then turn them over to the county.  The trial court held, however, that Respondents were not required to first pave the roads, even though the countys then existing policy would not allow it to accept unpaved roads.  According to the trial court, paving was not a prerequisite to acceptance by the county when Respondents promised to dedicate the streets, so Respondents could not be ordered to pave the roads.
We disagreed and held that Respondents were required to pave the roads.  We reasoned that it did not matter that paving was not a prerequisite to acceptance by the county when Respondents made their promise.  What mattered was that Respondents had promised to turn over the streets and roads.  Whatever county rules regarding acceptance were previously in force would not limit the plaintiffs rights to enforce the covenant.
After the remittitur was sent to the circuit court, Respondents brought an action for a declaratory judgment that they had complied with our 1997 opinion.  Apparently, they had actually dedicated the streets and roads in the subdivision prior to the issuance of the opinion.  They had successfully done so without paving the roads, despite the countys purported policy that only paved roads would be accepted.  
The circuit court dismissed Respondents declaratory-judgment action, holding that there was no justiciable controversy.  We affirmed.  Thomas v. Martin, Op. No. 2000-MO-087 (S.C. Sup. Ct. filed June 7, 2000).
Soon thereafter, Appellant filed this motion to enforce the 1997 opinion.  Appellant argued that Respondents failed to comply with the opinion by failing to pave the streets and roads.  Respondents answered that they had fulfilled the restrictive covenant and our mandate by dedicating the streets and roads to the county.  Not only had they fulfilled their obligations, Respondents argued, but also they no longer had the power to pave the streets and roads because the streets and roads were now owned by the county.
The circuit court denied Appellants motion, holding that the matter was moot because Respondents had in fact fulfilled the covenant by dedicating the streets and roads to the county.  
ISSUE
Whether the circuit court erred in denying Appellants motion.  
ANALYSIS
As the circuit court held, this matter is moot.  A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy.  Mathis v. S.C. State Hwy. Dept., 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973).  The matter is moot because Respondents have complied with our 1997 opinion by fulfilling the covenant to dedicate the streets and roads.  
Appellant argues that our 1997 opinion required Respondents not only to dedicate the streets and roads, but also to pave them.  That is what the opinion required, but only because the parties had represented to us that the county would not accept the streets and roads unless they were paved.  The opinion mandated paving for the sole purpose of effecting the dedication.  As already mentioned, the county accepted the streets and roads despite their being unpaved.  Respondents therefore fulfilled the covenant, which is all that our opinion was intended to accomplish.  
Appellant argues that the countys acceptance was invalid because the proper procedures were not followed.  The county is not a party to this action, however, and the only evidence in the record is that the county owns and maintains control over the streets and roads.    
This matter is moot, and the decision of the circuit court is 
AFFIRMED.    
 TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.