THIS OPINION HAS
 NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Buddy Newsome, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal from Pickens County
 John C. Few, Post Conviction Relief Judge
Memorandum Opinion No. 2006-MO-026
Reheard November 1, 2007  Refiled
 February 4, 2008
DISMISSED

 
 
 
 Chief Appellate
 Defender Joseph L. Savitz, III, of South Carolina Commission on Indigent
 Defense, Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Karen
 C. Ratigan, all of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  We previously granted certiorari to determine whether the
 post-conviction relief (PCR) court erred by granting Petitioner a new trial on
 the grounds that the Department of Corrections was incorrectly treating Petitioner
 as if he were ineligible for parole.  We affirmed the PCR courts decision in
 an unpublished opinion.  See Newsome v. State, Op. No.
 2006-MO-026 (S.C. Sup. Ct. filed July, 17 2006).  We granted the States
 request for rehearing, directed
 the parties to brief certain issues on rehearing, and we find that the appeal
 should be dismissed as moot.
Factual/Procedural
 Background
Petitioner pled guilty to homicide by child abuse and attempted
 escape. The trial court sentenced Petitioner to imprisonment for 100 years on
 the homicide by child abuse charge, and one year imprisonment for the escape
 charge.  The court did not state whether the sentences were to be concurrent or
 consecutive.
In
 seeking PCR, Petitioner claimed that his sentences should be served concurrently
 so that the Department of Corrections would consider him to be eligible for
 parole.  The PCR court granted relief, and the State sought review on
 certiorari in this Court.  This Court affirmed the PCR courts grant of relief,
 but ordered that Petitioner be given a new trial because the PCR court did not
 have the authority to order the Department of Corrections to interpret
 Petitioners sentences as concurrent.  Newsome v. State, Op. No.
 2006-MO-026 (S.C. Sup. Ct. filed July, 17 2006).  This Court granted the
 States request that the Court rehear the matter, and the Court further
 directed the parties to brief the following issue:

 Assuming
 that the sentences in this case are consecutive, did this have any impact on Petitioners
 parole eligibility?[1]

Law/Analysis
Petitioner testified at his second PCR hearing that he
 would not have pled guilty had he known he would not be eligible for parole.  The
 record on rehearing, however, reveals that the Department of Probation, Parole,
 and Pardon Services has been treating Petitioner as eligible for parole for
 some time, and that Petitioner has had several parole hearings.  Thus,
 Petitioner has received his requested relief.
Because
 Petitioner is being treated as eligible for parole, the appeal is dismissed as
 moot.  See Mathis v. South Carolina State Highway Dept, 260
 S.C. 344, 195 S.E.2d 713 (1973) (case becomes moot when judgment, if rendered,
 will have no practical legal effect upon existing controversy; this is true
 when some event occurs making it impossible for reviewing court to grant
 effectual relief).  Our finding that the appeal
 should be dismissed as moot makes it unnecessary to address the issues we
 previously ordered the parties to brief.  Cf. Whiteside
 v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 428 S.E.2d 886 (1993) (appellate
 court need not address remaining issue when resolution of prior issue is dispositive).
TOAL, C.J.,
 WALLER, BEATTY, JJ., and Acting Justices E. C. Burnett, III and Alexander S.
 Macaulay, concur.

[1] Although we asked the parties to brief three specific issues on rehearing, the
 resolution of this case calls for this Court to focus only on this single
 issue.