THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 David Westfall, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Stephanie Westfall, Respondent.
 
 
 
 
 

Appeal From Fairfield County
 Brian M. Gibbons, Walter B. Brown, Jr.,
and 
Donna S. Strom, Family Court Judges

Unpublished Opinion No.  2010-UP-402
 Submitted September 1, 2010  Filed
September 14, 2010

AFFIRMED

 
 
 
 David Westfall, of Hopkins, for Appellant.  
 Michael E. Atwater, of Rock Hill, for
 Respondent.
 Thomas M. Neal, III, of Columbia, Guardian
 Ad Litem.  
 
 
 

PER CURIAM:  David Westfall (Husband) appeals the
 family court's order dismissing his action for divorce against Stephanie
 Westfall (Wife), as well as several other prior orders.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1. With
 regard to the family court's denial of Husband's motion for default judgment:  S.C.
 Code Ann. § 20-3-10 (1985) (listing adultery and habitual drunkenness, which
 includes the habitual use of any narcotic drug, as grounds for divorce); Rule
 17, SCRFC (deferring to the South Carolina Rules of Civil Procedure for the
 procedure for entry of a default judgment but allowing defendant to be "heard
 at the merits hearing on issues of custody of children, visitation, alimony,
 support, equitable distribution, and counsel fees"); Rule 55, SCRCP
 (establishing procedure for seeking a default judgment that requires
 procurement of a clerk's entry of default and a subsequent hearing by the court
 to enter the judgment and providing "[i]f, in order to enable the court to
 enter judgment or to carry it into effect, it is necessary . . . to establish
 the truth of any averment by evidence or to make an investigation of any other
 matter, the court may conduct such hearing or order such references as it deems
 necessary and proper . . ."); Watson v. Watson, 319 S.C. 92, 94,
 460 S.E.2d 394, 395 (1995) (requiring plaintiff in a divorce action to prove
 his grounds for divorce as well as pleading them).  
2. With
 regard to the family court's dismissal of Husband's action for divorce:  Re:  Family Court Benchmark, S.C. Sup. Ct. order dated May 9, 2006 (mandating all
 domestic relations cases "shall be disposed of within 365 days of their
 filing" and assigning oversight of all family court cases older than
 365 days and for which no final hearing has been requested to the Chief
 Administrative Judge for the county in which they were filed) (emphasis added). 
We dismiss as moot the
 remainder of Husband's issues.  "A case becomes moot when judgment, if
 rendered, will have no practical legal effect upon existing controversy.  This
 is true when some event occurs making it impossible for [the] reviewing [c]ourt
 to grant effectual relief."  Mathis v. S.C. State Highway Dep't,
 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973).  If there is no actual
 controversy, this court will not decide moot or academic questions.  Id.  
AFFIRMED.  
FEW, C.J.,
 HUFF and GEATHERS, JJ., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.