**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Kenneth Thomas Gahagan, Appellant.

Appellate Case No. 2012-208388

Appeal From Charleston County
Stephanie P. McDonald, Circuit Court Judge

Unpublished Opinion No. 2015-UP-064
Heard November 4, 2014 – Filed February 4, 2015

### AFFIRMED

Patrick Coleman Wooten, of Nelson Mullins Riley & Scarborough, LLP, of Charleston, and Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney William M. Blitch and Assistant Attorney General Mary Shannon Williams, all of Columbia, for Respondent.

**PER CURIAM:**  Kenneth T. Gahagan appeals his conviction of lewd act on a minor, arguing the trial court erred in (1) not allowing him to recross-examine a witness regarding a matter introduced during redirect examination and (2) denying his motion for a directed verdict.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in not allowing Gahagan to recross-examine a witness regarding a matter introduced during redirect examination: *Liberty Mut. Ins. Co. v. Gould*, 266 S.C. 521, 533, 224 S.E.2d 715, 720 (1976) ("The right to, and scope of, recross-examination is within the sound discretion of the trial court."); *State v. Johnson*, 338 S.C. 114, 124, 525 S.E.2d 519, 524 (2000) ("[A] trial judge may impose reasonable limits on cross-examination based upon concerns about, among other things, harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant."); *United States v. Fleschner*, 98 F.3d 155, 157 (4th Cir. 1996) ("Absent the introduction of any new matter on re-direct examination, the rule is that recross-examination is not required.  Without something new, a party has the last word with his own witness.").

2.      As to whether the trial court erred in denying Gahagan's motion for a directed verdict:  *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy."); *id.* ("'A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy.  This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief.'" (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ. concur.**