**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Chuck McCullough, Appellant,

v.

South Carolina Department of Probation, Parole, and Pardon Services, Respondent.

Appellate Case No. 2021-000447

————————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

————————

Unpublished Opinion No. 2022-UP-454
Submitted November 1, 2022 – Filed December 14, 2022

————————

**AFFIRMED**

————————

Chuck McCullough, pro se.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

————————

**PER CURIAM:** Chuck McCullough, pro se, appeals an Administrative Law Court (ALC) order affirming a South Carolina Department of Probation, Parole and Pardon Services' (the Department's) decision to deny his parole. McCullough argues the ALC erred by (1) determining his due process rights were not violated

by the Department when it did not notify him that his family would not be able to appear at his parole hearing due to COVID-19 and did not have procedures in place to allow his family to attend and (2) failing to rule on the Department's reliance on inadequate information about his prior probation sentence. He also asserts the Department was biased and vindictive towards him for exercising his right to appeal. We affirm.

1. We hold McCullough's argument regarding the Department's failure to notify his family about COVID-19 procedures and to have procedures in place to allow his family to attend is moot because this court cannot grant effectual relief. *See Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009) ("An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists."); *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon [an] existing controversy. This is true when some event occurs making it impossible for [a] reviewing [c]ourt to grant effectual relief.").

2. Although McCullough argues the Department relied on inadequate information, we hold substantial evidence supports the ALC's finding that the Department followed the requisite procedures and considered the appropriate factors before making its determination regarding McCullough's parole. *See Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 377 S.C. 489, 499, 661 S.E.2d 106, 111 (2008) ("[T]he [p]arole [b]oard is the sole authority with respect to decisions regarding the grant or denial of parole."); *id.* at 500, 661 S.E. 2d at 112 (holding the parole board's decision would "constitute a routine denial of parole and the ALC would have limited authority to review the decision" if the parole board "states in its order denying parole that it considered the factors outlined in section 24-21-640 [of the South Carolina Code (Supp. 2022)] and the fifteen factors published in its parole form").

3. We hold McCullough's argument regarding the Department's bias and vindictiveness towards him is not preserved for appellate review because it was not raised to and ruled upon by the ALC. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [ALC].").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.