**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Wade Long and Clyde Kiser, individually and on behalf of TNW and More, LLC, Respondents,

v.

Timothy D. Kettner, Donald Kettner, and TNT and More, Inc., d/b/a Crab Catchers on the Waterfront, Defendants,

of whom Donald Kettner and TNT and More, Inc., d/b/a Crab Catchers on the Waterfront, are Appellants.

Appellate Case No. 2022-001004

———————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-397
Submitted November 18, 2025 – Filed December 3, 2025

———————

**DISMISSED**

———————

Howell Vaught Bellamy, III, of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., and Michael S. Harrison, of Winslow Law, LLC, both of Myrtle Beach, for Appellants.

Tucker S. Player, of Player Law Firm, LLC, of Chapin, for Respondents.

**PER CURIAM:** Donald Kettner and TNT and More, Inc., d/b/a Crab Catchers on the Waterfront (collectively, TNT), [1] appeal the circuit court's May 27, 2022 and June 17, 2022 orders granting the motions of Thomas Long and Clyde Kiser, individually and on behalf of TnW and More, LLC (collectively, TnW) for a temporary restraining order (TRO) and June 17, 2022 and June 30, 2022 orders denying TNT's motions to reconsider the temporary restraining orders. [2] We dismiss this appeal as moot. [3]

TNT operates a waterfront restaurant business in Little River, South Carolina. TnW operates a watersports and marina business, also in Little River, known as Little River Watersports. In September 2017, TnW purchased a small parcel of land adjacent to TNT for the purpose of building boat slips. Although the precise nature of the parties' business relationship was one of the contested issues in this case, TNT does not dispute that it permitted TnW to operate its business on TNT's pier. The relationship between the parties soured in 2020, and TnW filed this lawsuit against Timothy Kettner and TNT in March 2021. TnW alleged several causes of action against TNT, including promissory estoppel, breach of joint venture agreement, economic interference, and nuisance. The orders at issue on appeal center on the condition of the marina and the removal and restoration of a "rental hut" that TnW used for its watersports business and was located on TNT's property.

We find this appeal is moot because a jury trial has been held in this case, the jury rendered a verdict on the merits in favor of TnW, and a judgment was entered against Timothy Kettner and TNT. *See Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief." (alteration in original) (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))); *see also Curtis v. State*, 345 S.C. 557, 569, 549 S.E.2d 591, 597 (2001) ("The sole object of a temporary injunction is to preserve the subject of the controversy in its condition at the time

---

[1] Although named in the lawsuit, Timothy D. Kettner is not a party to this appeal.
[2] TNT conceded in its reply brief that the May temporary restraining order is now moot; thus, the only orders at issue on appeal are the June 17 temporary restraining order and the June 30 order denying TNT's motion to reconsider that order.
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

of the order until opportunity is offered for full and deliberate trial investigation."); *id.* ("Temporary injunctions are interlocutory, tentative, and impermanent and are superseded by the final judgment rendered on the merits."); *id.* ("Thus, temporary injunctions 'remain in force only until, and expire upon, the entry of the final judgment and are not enforceable after the final judgment has been entered.'" (quoting 42 Am. Jur. 2d *Injunctions* § 294 (2000))); *id.* at 568, 549 S.E.2d at 597 ("Where only injunctive relief is sought and the need for that relief has ceased to be a justiciable issue, an appellate court should not review the merits . . . .").

Prior to the oral argument in this case, which was scheduled to take place in May 2025, it came to this court's attention that a jury trial had been held in June 2024 and the jury rendered a verdict on the merits and entered a judgment against Timothy Kettner and TNT. This court then requested the parties provide a brief response as to why this did not render this appeal moot. TNT submitted a response and argued the case was not moot because (1) the issues on appeal were raised in pretrial motions before the trial court and the trial court stayed these issues on the record during pretrial discussions; (2) TnW stipulated it would not seek damages arising from the issues on appeal during trial in favor of the trial court entertaining a posttrial motion for contempt related to the orders on appeal; (3) TnW filed such posttrial motion for contempt on June 28, 2024; (4) the trial court has issued no order following trial and has continued the pending posttrial motions; and (5) the verdict alone does not moot the issues on appeal because the trial court has not issued an order and no judgment has been rendered. TnW did not respond.

Because the jury rendered a verdict on the merits in this action and a judgment has been entered, the temporary injunction has expired and the issues raised on appeal are moot. *See Curtis*, 345 S.C. at 569, 549 S.E.2d at 597 ("[The appellant] received a full investigation of his claim because the trial court has rendered a decision on the merits of this case. Therefore, the temporary injunction has expired and the issue is moot."). Further, the record contains no indication TNT requested a stay of the June TRO pending appeal, and "appeal[s] from an order granting an injunction or temporary restraining order" are not automatically stayed on appeal. *See* Rule 241, SCACR.

In addition, TnW argues in its respondent's brief that this appeal is moot because TNT damaged the rental hut when it was moved and TnW is no longer seeking the return of the rental hut. Because TnW is no longer seeking the return of the rental hut, we conclude the appeal is moot on this basis as well.

**DISMISSED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**