**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mare Baracco, Appellant,

v.

Charleston Area Convention and Visitors Bureau, Respondent.

Appellate Case No. 2023-001116

———————

Appeal From Charleston County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-417
Submitted November 3, 2025 – Filed December 10, 2025

———————

**AFFIRMED**

———————

Taylor Meriwether Smith, IV, of Meriwether Law, LLC, of Columbia, for Appellant.

Robert E. Tyson, Jr., and La'Jessica M. Stringfellow, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Mare Baracco appeals the circuit court's order granting summary judgment to the Charleston Area Convention and Visitors Bureau. The bureau serves as a designated marketing organization for Charleston County and several

other local governments under the accommodations tax, or "A-Tax," statutory scheme.  Baracco sent a Freedom of Information Act (FOIA) request to the bureau seeking information on its expenditure of the county's A-Tax funds.  Based on our supreme court's decision in *DomainsNewMedia.com, LLC v. Hilton Head Island-Bluffton Chamber of Commerce*, 423 S.C. 295, 814 S.E.2d 513 (2018), the circuit court found the bureau's status as a designated marketing organization did not subject it to FOIA.  We agree and affirm.

In *DomainsNewMedia.com*, our supreme court held that the legislature did not intend for a chamber of commerce's status as a designated marketing organization to subject the chamber to FOIA.  *Id.* at 297, 814 S.E.2d at 514 (holding the legislature did not intend for the chamber of commerce to be considered a public body under FOIA based on its receipt and expenditure of A-Tax funds as a designated marketing organization).  We see no plausible way to separate that holding from this case.  The bureau is operating under the same statute and in the same capacity as the chamber was there.  *Id.* at 298, 814 S.E.2d at 515.  Here, as there, the issue is whether FOIA applies to a designated marketing organization based on its role in spending A-Tax funds.  *Id.* at 297, 814 S.E.2d at 514.

Baracco attempts to distinguish *DomainsNewMedia.com* by arguing she was "denied an opportunity to any—much less fruitful—discovery" of what funds the bureau expends and how the bureau is organized.  She contends this leaves a genuine dispute as to whether the bureau is subject to FOIA.  We respectfully disagree.

First, it is difficult to understand Baracco's contention that it is unclear what funds are involved in this case when her FOIA request specifically and exclusively referenced the expenditure of A-Tax funds.  The only way the bureau receives these funds is through its undisputed status as a designated marketing organization, which, again, under *DomainsNewMedia.com*, does not subject the bureau to FOIA.  *See id.*

Second, we cannot agree with Baracco's argument that the lack of information on the bureau's corporate structure separates this case from *DomainsNewMedia.com*.  Though that opinion discussed the chamber's structure, we read that discussion as secondary to the central point that the A-Tax statute, not FOIA, applies to designated marketing organizations.  *Id.* at 307, 814 S.E.2d at 519 (discussing the General Assembly's later enactment of "the more narrow and targeted A-Tax statute" that "provide[s] what it determined were the necessary accountability safeguards with regard to the expenditure of these specific funds"); *id.* at 304, 814 S.E.2d at 518 ("The presence of the specific A-Tax statute . . . play[s] the lead role in our disposition of this case."); *id.* at 302, 814 S.E.2d at 517 ("The reporting and

accountability provisions directly governing the expenditure of [A-Tax] funds control the disposition of this appeal."); *see also Davis v. S.C. Educ. Credit for Exceptional Needs Child. Fund*, 441 S.C. 187, 203–07 ,893 S.E.2d 330, 338–41 (Ct. App. 2023) (finding *DomainsNewMedia.com* controlling in determining a legislatively created fund was not subject to FOIA because like the A-Tax statute, the legislative enactment regarding the fund had "independent reporting and accountability requirements"). This argument is also undermined by the fact that Baracco's discovery requests did not pursue information about how the bureau is organized.

Therefore, the order on summary judgment is affirmed. *See Peterson v. W. Am. Ins. Co.*, 336 S.C. 89, 94, 518 S.E.2d 608, 610 (Ct. App. 1999) (explaining summary judgment is proper "when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law" (citing Rule 56(c), SCRCP)).

Because we agree with the circuit court that summary judgment was warranted, we also agree that Baracco's motion to compel discovery is moot. *See Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 714–15 (1973) (discussing mootness).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.