## 23612

Eddie Wayne ELDRIDGE, Charles Louis Beaudrot, Russie Beaudrot Young, Homer Charles Walker, and Roy F. Stewart, individually and on behalf of a Class of Plaintiffs similarly situated, Appellants v. The CITY OF GREENWOOD, Greenwood County, and the South Carolina Highway Department, Respondents.

(417 S.E. (2d) 532)

Supreme Court

*J. Kendall Few* and *John C. Few*, of *Few & Few, P.A.*, Greenville, *for appellants.*

*G. P. Callison, Jr.*, of *Callison, Dorn, Thomason, Garrett & McCravy, P.A.*, *Stephen D. Baggett* of *Burns, McDonald, Bradford, Patrick & Dean*, and *William K. Charles, III*, of *Charles & Charles*, Greenwood, *for respondents.*

Submitted Feb. 19, 1992.

Decided March 30, 1992.

TOAL, Justice:

Appellants/plaintiffs appeal the order of the Circuit Court prohibiting them from communicating with potential members of the plaintiff class. The respondents contend that this issue is interlocutory and not immediately appealable. The order of the Circuit Court affects such a substantial right of the appellants as to make the order immediately appealable. We reverse.

## FACTS

Appellants ("Landowners") own the land adjacent to an abandoned railroad right-of-way in the City of Greenwood. They filed suit in 1989 to determine the ownership of railroad right-of-way. The Landowners contemplated a class action which has not yet been certified.

The Circuit Court granted the City of Greenwood's ("City") motion for summary judgment. The Court of Appeals reversed the Circuit Court in *Eldridge v. City of Greenwood*, 300 S.C. 369, 388 S.E. (2d) 247 (Ct. App. 1989).

After remand to the Circuit Court, the City, pursuant to South Carolina Rule of Civil Procedure 23(d)(2), moved the Circuit Court to prohibit the Landowners from communicating with potential members of the plaintiff class and yet, to allow the City of Greenwood to contact potential parties for the purpose of procuring quit claim deeds. The Circuit Court granted the City's motion. This appeal followed.

## LAW/ANALYSIS

As a threshold issue, we first address the City's claim that the Circuit Court judge's order prohibiting appellant's from contacting potential members of the plain-

tiff class unless the City first contacts them is interlocutory and not immediately appealable.

Orders under Rule 23, SCRCP are interlocutory and thus, immediately appealable only in certain circumstances. Here the order was in the nature of an injunction, prohibiting the Landowners from contacting potential members of the plaintiff class. Under S.C. Code Ann. § 14-3-330(4) (1976), injunctions are immediately appealable. Thus, the trial judge's order is properly before this Court.

South Carolina Rule of Civil Procedure 23(d)(2) gives the Circuit Court the broad power to "impose such terms as shall fairly and adequately protect the interest of the persons on whose behalf the action is brought or defended." The power to issue an order which the court, in its discretion, believes is necessary to curtail the opportunities for abuse of the judicial system in class actions is not without bounds. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S. Ct. 2193, 68 L. Ed. (2d) 693 (1981). Orders which severely limit plaintiff/appellant's contact with potential members of the class are authorized only under the general grant of power in Rule 23(d)(2). The specific grants of power in Rule 23(d), SCRCP are directed towards notifying the absent parties of the pending litigation.[1]

In the case at bar, the order allowed the City to contact potential members of the plaintiff class for the purpose of obtaining quit claim deeds to the disputed right-of-way. The Landowners, however, were allowed to contact potential members of the plaintiff class only after being notified by the City that the City had first contacted them. Thus, if the City chose not to contact certain potential members of the class, the Landowners would not be allowed to contact those potential class members. Rather than fostering notification of the pending litigation, the Circuit Court judge's order frustrated one of the stated purposes of Rule 23(d).

[1] The court may at any time impose such terms as shall fairly and adequately protect the interest of the persons on whose behalf the action is brought or defended. It may order that notice be given in such a manner as it may direct of the pendency of the action by the party seeking to maintain the action on behalf of the class. It may order that notice be given in such manner as it may direct of a proposed settlement, of entry of judgment, or any other proceedings in the action including notice to the absent persons that they may come in and present claims and defenses if they so desire. Rule 23(d)(2), SCRCP.

Under certain circumstances, it may be necessary to limit communication between the parties and potential members of the class. However, we agree with the United States Supreme Court that

> an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering the policies embodied in the [Rules].

*Gulf Oil Co. v. Bernard,* at 101, 101 S. Ct. at 2200, 68 L. Ed. (2d) at 703-704. As in *Gulf Oil,* the record here is devoid of any evidence "supporting the need for this sweeping restraint order." *Id.* at 102, 101 S. Ct. 2201, 68 L. Ed. (2d) at 704. An order issued without weighing the "need for a limitation and the potential interference with the rights of the parties" is an abuse of discretion. *Id.* at 101, 101 S. Ct. at 2200, 68 L. Ed. (2d) at 703-704. Thus, we reverse.

HARWELL, C.J., and CHANDLER and FINNEY, JJ., concur.

MOORE, Acting J., not participating.