THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte:
 Murdell McFarlin, individually and as daughter and next friend of Floyd B. Walker, Sr., an incapacitated person, Appellant,
 In the matter of Floyd B. Walker, Sr.
 
 v.
 James H. Renfrow, Jr., Guardian ad Litem, Respondent.
 
 
 

Appeal From Marlboro County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2007-UP-073
Heard January 9, 2007  Filed February 12, 2007

AFFIRMED IN PART, VACATED IN PART, 
DISMISSED IN PART

 
 
 
 Jan L. Warner, of Columbia, for Appellant.  
 James H. Renfrow, Jr., of Dillon, for Respondent.
 
 
 

PER CURIAM:   In this probate matter, Murdell McFarlin appeals orders of the circuit and probate courts based on lack of jurisdiction and ex parte communication.  We affirm in part, vacate in part, and dismiss the remainder as moot. 
FACTS
In March of 2000, McFarlin applied to the judge of the Marlboro County Probate Court to be appointed guardian and conservator for her father, Floyd B. Walker.  After a hearing, the probate court appointed McFarlin as guardian but held the issue of conservatorship in abeyance.  The probate court appointed Ralph Kelly guardian ad litem in the conservatorship proceedings.  McFarlin was eventually appointed conservator.  
McFarlin filed the conservators annual accounting for the years 2001, 2002, and 2003.  In February 2003, the probate judge informed McFarlin by letter that she failed to use the accounting method and format required by the probate court in her annual accountings.  In July of 2004, the probate judge informed McFarlin the conservatorship would be audited, and required her to provide bank records and other supporting documentation within thirty days.  McFarlin contacted accountant David E. Martin to review the documents and assist her in preparing an accounting.  McFarlin also retained an attorney to represent her.  
On October 22, 2004, the probate judge summoned McFarlin to appear at a hearing set for November 30, 2004, and to produce all financial records and accounting.  Prior to the hearing, the judge and the judges secretary investigated McFarlins records and issued subpoenas for cellular phone and bank records.  On November 22, 2004, the probate judge held a pre-trial conference and informed McFarlins attorney he had concerns about the handling of Walkers finances based on his and his secretarys investigation.  Although McFarlins accountant stated he had reconciled the accounts, the judge allegedly refused to review these records, finding them just too much to go through.  The judge also allegedly concluded McFarlins hiring of an attorney indicated guilt, and if she pressed for a hearing, he would turn [her] over to the Solicitor to face criminal charges.  At the pretrial conference, the probate judge decided to cancel the hearing scheduled for November 30, and in its place directed McFarlins attorney and the guardian, Kelly, to meet on November 30 at the attorneys office to review the financial records and accounting.  
Kelly failed to appear at the meeting.  He was, instead, at a hearing being held in probate court, apparently without the knowledge of McFarlin or any of her representatives.  As a result of that hearing, the probate judge issued an ex parte order freezing Walkers accounts, finding McFarlin had expended funds from the . . . accounts in a manner that does not comply with the South Carolina Statute for Conservators. . . .  Until the court may conduct a full hearing on the merits . . . the conservator shall not administer or distribute any of the protected persons assets. . . .  The probate judge also summoned McFarlin to appear at a hearing on January 10, 2005 to review the accounting and ordered her to forward Walkers bills to his attention.  
In December, McFarlins current attorney replaced her original attorney and appealed the order freezing accounts to the circuit court.  A few days later, and while the appeal was pending, the probate court appointed James H. Renfrow, Jr. as guardian ad litem and attorney for Walker.  That same day, Renfrow filed a petition requesting:  (1) McFarlin provide a full and complete accounting; (2) McFarlin be removed and a successor conservator appointed; (3) a temporary conservator be appointed until a successor conservator could be appointed; and (4) McFarlin be required to pay actual and punitive damages if the accounting proved the funds had been misappropriated.  
Shortly thereafter, McFarlin moved to vacate all orders and recuse the probate judge on the grounds of:  (1) lack of jurisdiction; (2) failure to comply with the statutory law of South Carolina; and (3) violation of judicial ethics, including ex parte communications, threatening criminal prosecution, self-investigating, and advising McFarlin she should not seek counsel.  
On January 10, 2005, the probate judge held a hearing on Renfrows motion for the appointment of a temporary conservator and a continuance.  The probate judge granted Renfrows request for a temporary conservator.  McFarlin filed a second notice of appeal on January 19, 2005, and on January 28, 2005 the probate judge granted Renfrows motion for a continuance, but denied McFarlins motion to vacate and recuse himself.  McFarlin filed a supplemental notice of appeal on January 28, 2005.  The probate judge filed a return with the circuit court on February 9, 2005.  The probate judge then, on February 17, 2005, recused himself from any further participation in the matter.  
In March of 2005, the circuit court heard the appeals brought by McFarlin and issued an undated order remanding the case to the substitute probate judge for rulings, and suggesting the probate judge notify law enforcement should he discover any criminal discrepancies.  On April 28, 2005, McFarlin moved to reconsider the circuit courts order.  On June 2, 2005, the circuit courts law clerk went to the probate judges office and retrieved the original files from the guardianship and conservatorship proceedings.  Six days later, on June 8, 2005, the circuit court issued an amended order, affirming the probate court.  This appeal followed.  During the pendency of this appeal, Walker died and McFarlin was appointed executor by the Fulton County, Georgia, Probate Court.  
APPEALABILITY
Renfrow, the guardian ad litem, argues the appeal should be dismissed as interlocutory and not immediately appealable.  We disagree.
The probate courts order froze the accounts until a court may conduct a full hearing on the merits.  The circuit courts order affirmed the probate court.  An order freezing the accounts is in the nature of an injunction.  Grosshuesch v. Cramer, 367 S.C. 1, 5, 623 S.E.2d 833, 835 (2005) (interpreting order freezing assets as an injunction).  Under the South Carolina Code, injunctions are immediately appealable.  S.C. Code Ann. § 14-3-330(4) (Supp. 2006); Eldridge v. City of Greenwood, 308 S.C. 125, 127, 417 S.E.2d 532, 534 (1992) (finding order in the nature of an injunction immediately appealable).  We accordingly find the circuit court order, although interlocutory in nature, immediately appealable.
ISSUES ON APPEAL
I.  Subject Matter Jurisdiction
McFarlin initially argues the probate court lacked subject matter jurisdiction to enter the orders appointing a guardian and temporary conservator due to the failure to comply with statutory requirements.  We disagree.
Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.  Pierce v. State, 338 S.C. 139, 150, 526 S.E.2d 222, 227 (2000).  The probate court has subject matter jurisdiction over incapacitated persons.  S.C. Code Ann. §§ 62-1-302(a)(2) & 62-5-102(a) (Supp. 2006).  The probate court may have violated the statutory requirements to observe conditions and report to the court and the statutory requirements governing the medical examination of the person alleged to be incapacitated.  See S.C. Code Ann. §§ 62-5-303(b) (examinations regarding guardianships) & 62-5-407(b) (examinations regarding conservatorships) (1987).  However, the alleged violations of statutory requirements did not deprive the probate court of its subject matter jurisdiction over incapacitated persons.  See S.C. Dept of Soc. Servs. v. Meek, 352 S.C. 523, 530, 575 S.E.2d 846, 849 (Ct. App. 2002) (finding failure to comply with statutory requirements did not divest the family court of subject matter jurisdiction). 
II.  Judicial Conduct
McFarlin contends the circuit court erred by failing to vacate orders issued by the probate judge based on the probate judges alleged judicial misconduct.  The Commission [on Judicial Conduct] has jurisdiction over judges regarding allegations that misconduct occurred before or during service as a judge . . . .  Rule 3(b)(1), RJDE, Rule 502, SCACR (Supp. 2006).  As this court has no authority regarding this issue, we decline to address it.  
III.  Ex Parte Communication
McFarlin also alleges the circuit court erred by issuing a ruling after allegedly engaging in ex parte communication with the probate judge.  We disagree.
Ex parte communication consists of prohibited communication between counsel and the court when opposing counsel is not present.  Brown v. Bi-Lo, Inc., 354 S.C. 436, 440 n.3, 581 S.E.2d 836, 838 n.3 (2003).  In this case, the circuit courts law clerk retrieved the probate courts files in the guardianship and conservatorship proceedings, including records not provided to McFarlin.  See S.C. Code Ann. § 62-1-308(b) (Supp. 2006) (requiring the probate court to file a return when an appeal is taken to the circuit court).  
The records purportedly contained handwritten memos and notations of the probate judge taken during the guardianship and conservatorship proceedings.  After reviewing the probate courts records, the circuit court issued an amended order affirming the judgment of the probate judge.  
McFarlin argues the circuit courts review of the probate judges memos and notations permitted the probate judge to have an ex parte voice in the appeal to the circuit court, in violation of section 62-1-308 of the South Carolina Code.  Section 62-1-308(f) provides:  A judge of a probate court must not be admitted to have any voice in judging or determining an appeal from his decision or be permitted to act as attorney or counsel.  S.C. Code Ann. § 62-1-308(f) (Supp. 2006).  We decline to equate the circuit courts review of the probate judges file with the inappropriate participation by a probate judge in an appeal.  Furthermore, the alleged ex parte communication involved communications between the courts, and is therefore not violative of the general rule prohibiting ex parte communication.  Accordingly, we find no reversible error on this ground.  
IV.  Issuance of Orders Following Notices of Appeal
McFarlin contends the circuit court erred by not finding the probate judge improperly continued to issue orders after notices of appeal had been filed and served and argues this court should vacate the probate court orders.  We agree in part. 
The timing of relevant events is determinative of this issue.  The events occurred as follows:

 
 3/22/00:
 McFarlin petitions to be appointed guardian. 
 
 
 4/25/00: 
 Order appointing McFarlin guardian. 
 Order appointing Ralph Kelly guardian ad litem. 
 
 
 
 Jan. 2001: 
 Order appointing McFarlin conservator. 
 
 
 11/30/04:
 Order freezing accounts. 
 
 
 12/9/04:  
 Notice of appeal of 11/30/04 order filed. 
 
 
 12/30/04:  
 Probate court order appointing Renfrow guardian ad litem. 
 
 
 1/10/05: 
 Probate court order denying McFarlin’s motions to vacate and recuse. 
 
 
 1/13/05:
 Probate court order appointing temporary conservator. 
 
 
 1/19/05:
 Second notice of appeal filed, appealing order appointing temporary conservator and orders denying McFarlin’s motions. 
 
 
 1/28/05:
 Probate court order granting Renfrow’s motion for continuance; denying McFarlin’s motions. 
 
 
 1/28/05:
 Supplemental notice of appeal of the January 28, 2005 order filed.  
 

The probate code provides:  When an appeal according to law is taken from any sentence or decree of the probate court, all proceedings in pursuance of the order, sentence, or decree appealed from shall cease until the judgment of the [appellate court] is had.  S.C. Code Ann. § 62-1-308(c) (Supp. 2006).  The circuit court acts solely as an appellate court in appeals from the probate court.  Id.  Upon the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal.  Rule 205, SCACR (Supp. 2006).  Once the notice of appeal is served, the circuit court has exclusive jurisdiction except for matters not affected by the appeal.  Bunkum v. Manor Props., 321 S.C. 95, 98-99, 467 S.E.2d 758, 760 (Ct. App. 1996). 
We find the probate court lost jurisdiction over the matters affected by the appeal after McFarlin filed and served the notice of appeal of the November 30, 2004 order.  We find all issues addressed by the probate court thereafter, except the issue appointing Renfrow as substitute guardian ad litem in the December 30, 2004 order, were affected by the appeal.  Accordingly, we vacate the probate court orders dated January 10, 2005 and January 28, 2005.
As to the December 30, 2004 order appointing Renfrow substitute guardian ad litem, we conclude the probate court had continuing jurisdiction over this matter, even after the notice of appeal was filed.  However, we also find this order effective only until the date of Walkers death.  Beyond that date, the guardianship expired.  S.C. Code Ann. § 62-5-306 (1987) (terminating the authority of a guardian upon the death of the ward).  
V.  Probate Court Orders Issued Without Findings of Fact; Factual Findings Made Without a Hearing
McFarlin contends the circuit court erred by not finding the probate court issued orders affecting substantial rights of McFarlin and Walker without making findings of material facts and allegations.  We need not address this issue based on the disposition of the case.  
McFarlin also argues the probate court erred in making the factual finding in its November 30, 2004 order, without a hearing, that McFarlin had expended funds from the . . . accounts in a manner that does not comply with the S.C. Statute for Conservators. . . .  We need not address this issue as it is moot due to Walkers death.  The Georgia Probate Court in Fulton County has jurisdiction over Walkers estate and, accordingly, the matters pending in the South Carolina Probate Court, pursuant to the circuit courts order, are moot.  A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy.  This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief.  Byrd v. Irmo High School, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996) (quoting Mathis v. S.C. State Highway Dept, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973)).  In this case, Walkers death moots the issues surrounding McFarlins handling of Walkers affairs in the jurisdiction of the probate court of Marlboro County.  
VI.  Circuit Courts Orders
McFarlin argues the circuit court erred in making findings of fact and issuing rulings with regard to issues not on appeal to the circuit court.  The order on appeal to the circuit court was the November 30, 2004 order freezing all accounts in the name of either Floyd B. Walker, Jr. or Murdell W. McFarlin.
Pursuant to the provisions of the probate code, a hearing on an appeal from the probate court must be strictly on appeal and no new evidence must be presented.  S.C. Code Ann. § 62-1-308(d) (Supp. 2006).  In her notice of appeal, McFarlin raised procedural and jurisdictional issues and the failure of the probate judge to recuse himself.  We agree that in its order the circuit court made factual findings that exceeded the scope of its jurisdiction on appeal and were based on new evidence on which no finding was made by the probate court in the order on appeal.  To the extent the circuit court made factual findings as to improper expenditures on the part of McFarlin, the order of the circuit court is vacated.  
The circuit court also affirmed the probate courts order to the effect that all the accounts are frozen.  Because of the death of Floyd B. Walker, both the guardianship and conservatorship are terminated, and any issues pending in the probate court of Marlboro County are likewise terminated.  Any persons having claims related to the conduct of the conservatorship may have recourse in the Georgia Probate Court, or as may be otherwise indicated.
CONCLUSION
We initially find the order on appeal to be interlocutory but immediately appealable.  We decline to rule on the allegations of judicial misconduct or the probate courts factual findings.  We affirm on the issues of subject matter jurisdiction and ex parte communications.  We likewise affirm the circuit courts order to the extent it affirmed the probate courts appointment of a guardian ad litem until Walkers death.  We vacate the circuit courts order to the extent it made factual findings as to the propriety of McFarlins expenditures.  We finally dismiss the order as moot to the extent it affirms the probate courts order to set a hearing date on the propriety of McFarlins expenditures. 
AFFIRMED IN PART, VACATED IN PART, DISMISSED IN PART.
GOOLSBY and STILWELL, JJ., and CURETON, A.J., concur.