**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Anthony and Barbara Grazia, individually and on behalf of all other similarly situated plaintiffs, Plaintiffs,

v.

South Carolina State Plastering, LLC, Defendant.


South Carolina State Plastering, LLC, Third-Party Plaintiff,

v.

Del Webb Communities, Inc., Pulte Homes, Inc., and Kephart Architects, Inc., Third-Party Defendants,

Of whom Anthony and Barbara Grazia, individually and on behalf of all other similarly situated plaintiffs, are the Respondents,

and

South Carolina State Plastering, LLC, Del Webb Communities, Inc., and Pulte Homes, Inc., are the Appellants.

Appellate Case No. 2012-212840

Appeal From Beaufort County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2013-UP-496
Heard November 6, 2013 – Filed December 23, 2013

**AFFIRMED**

Robert L. Widener and A. Victor Rawl, Jr., both of
McNair Law Firm, PA of Columbia, for Appellants Del
Webb Communities, Inc., and Pulte Homes, Inc., and
Everett Augustus Kendall, II and Christy Elizabeth
Mahon, both of Sweeny Wingate & Barrow, PA, of
Columbia, for Appellant South Carolina State Plastering,
LLC.

W. Jefferson Leath, Jr. and Michael S. Seekings, both of
Leath Bouch & Seekings, LLP of Charleston, Phillip
Ward Segui, Jr., of Segui Law Firm of Mt. Pleasant, and
John T. Chakeris, of Chakeris Law Firm, of Charleston
for Respondents.

**PER CURIAM:** Del Webb Communities Inc., Pulte Homes, Inc., and South
Carolina State Plastering, LLC appeal the circuit court's denial of their request to
reinstate a previously existing injunction restricting communications between
Anthony and Barbara Grazia's attorneys and other potential class members in this
defective stucco litigation.  We affirm pursuant to Rule 220(b)(2), SCACR, and the
following authorities:  *Peek v. Spartanburg Reg'l Healthcare Sys.*, 367 S.C. 450,
454, 626 S.E.2d 34, 36 (Ct. App. 2005) ("The grant or denial of an injunction by
the [circuit] court will not be reversed absent an abuse of discretion."); *id.* ("An
abuse of discretion occurs when the decision of the [circuit] court is unsupported
by the evidence or controlled by an error of law."); *Eldridge v. City of Greenwood*,
308 S.C. 125, 128, 417 S.E.2d 532, 534 (1992) ("An order *limiting*
communications between parties and potential class members should be based on a
clear record and specific findings that reflect a weighing of the need for a
limitation and the potential interference with the rights of the parties." (emphasis
added) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101  (1981)); *id.* at 127, 417

S.E.2d at 534 ("Orders which severely limit [plaintiff's] contact with potential members of the class are authorized only under the general grant of power in Rule 23(d)(2). The specific grants of power in Rule 23(d), SCRCP[,] are directed towards *notifying* the absent parties of the pending litigation.") (emphasis added).

**AFFIRMED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**