# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Donald Stanley and Sean Reiter, Individually and as Class Representatives, Respondents,

v.

Southern States Police Benevolent Association, Inc., Appellant.

Appellate Case No. 2019-000182

Appeal From Charleston County
Edward W. Miller, Circuit Court Judge

Opinion No. 5882
Heard November 10, 2021 – Filed December 22, 2021

**DISMISSED**

James Andrew Yoho, of Boyle, Leonard & Anderson, P.A. of Charleston; James Edward Bradley, of Moore Bradley Myers, PA, of West Columbia; and Barry Goheen, of Atlanta, Georgia; all for Appellant.

Andrew John Savage, III, of Savage Law Firm, of Charleston; Eric Steven Bland, of Bland Richter, LLP, of Columbia; Daniel Francis Lynch, IV, and Carl Everette Pierce, II, both of Pierce, Sloan, Wilson, Kennedy & Early, LLC, of Charleston; Scott Michael Mongillo and Ronald L. Richter, Jr., both of Bland Richter, LLP, of Charleston; and Joseph C. Wilson, IV, of Joseph C Wilson Law Firm LLC, of Folly Beach; all for Respondents.

**HILL, J.:**  This is an appeal of an order certifying a class action lawsuit against Appellant, the Southern States Police Benevolent Association, Inc. (PBA).  PBA attacks the order on several fronts, but none of the preserved issues are immediately appealable.  We therefore dismiss the appeal.

## I.

The order certifies as a class certain South Carolina PBA members for the purpose of determining the scope of their rights to legal representation PBA provides.  PBA claims the trial court's class certification order should be reversed because it improperly impairs PBA's business activities and wrongly certified a damages class.

We cannot address these issues because they are not immediately appealable.  Where, as here, a Rule 23, SCRCP, class certification order does not address the merits, it is interlocutory and may not be appealed until after final judgment. *Hensley v. S.C. Dep't of Soc. Servs.*, 429 S.C. 144, 148, 838 S.E.2d 510, 512 (2020); *Salmonsen v. CGD, Inc.*, 377 S.C. 442, 452, 661 S.E.2d 81, 87 (2008).  Believing it has found a path around this precedent, PBA points to the following portion of the certification order:

> Any notices required by the law and the South Carolina Rules of Civil Procedure shall be given to the class in a form and manner to be determined by the Court upon application by Plaintiffs or Defendants.  In the interim, no party shall communicate with the class members regarding this class action and the allegations contained herein.

According to PBA, this provision amounts to an injunction, triggering S.C. Code Ann. § 14-3-330(4) (2017), which provides an interlocutory order granting an injunction is immediately appealable. *See Eldridge v. City of Greenwood*, 308 S.C. 125, 127, 417 S.E.2d 532, 534 (1992) (holding precertification order allowing defendant but not plaintiff to contact potential class members amounted to an injunction that was immediately appealable).  PBA further asserts the order runs afoul of *Eldridge* and *Gulf Oil Co. v. Bernard*, which require that orders restraining communications with class members must "be based on a clear record and specific findings reflecting a weighing of the need for a limitation and the potential interference with the parties' rights." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101, (1981).

We question whether the communication order here, which was designed by the skilled circuit judge to evaporate once the class notice was issued, is a true injunction of the type envisioned by *Eldridge*. The order at issue there only applied to the plaintiff, and was entered before the class was certified. Several courts and commentators have cautioned that procedural orders in class action cases that in no way provide substantive relief or address the merits of a case are not appealable as injunctions under the federal final judgment statute. *See Cobell v. Kempthorne*, 455 F.3d 317, 322 (D.C. Cir. 2006) (setting forth test of when a provision of a Rule 23, Fed. R. Civ. P., class certification order qualifies as an immediately appealable injunction); 16 Charles Alan Wright, Arthur R. Miller, *Federal Practice and Procedure* § 3922.2 (3d ed. 1998); 3 William B. Rubenstein, *Newberg on Class Actions* § 8:41 (5th ed. 2021). We note the federal appealability statute mirrors the phrasing regarding "injunctions" found in S.C. Code Ann. § 14-3-330(4). *See* 28 U.S.C.A. § 1292(a)(1) (2006) ("The courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions . . . ."). We are also concerned that an overly generous view of what constitutes an injunction for purposes of appealability may sap the efficiency of class actions by allowing for immediate appeal of what in reality may be an interlocutory procedural ruling. If any routine phrase in a class certification order may be interpreted as an immediately appealable injunction, the entire class action—premised as it is on the idea that the advantages of economy of scale might help both sides and streamline the litigation—could be brought to a halt by a party bent on delay.

But we do not have to confront these questions about what constitutes an "injunction" here. The provision of the trial court's order limiting communication was not discussed before the order was issued. PBA did not object to or mention the provision in its Rule 59(e), SCRCP, motion and raises the issue for the first time on appeal. We therefore find the issue unpreserved. When a party receives an order containing relief that was not requested or contemplated, the party must present its objections to the issue to the trial court in a Rule 59(e), SCRCP, motion to preserve the issue for appeal. *Pelican Bldg. Ctrs. of Horry-Georgetown, Inc. v. Dutton*, 311 S.C. 56, 60-61, 427 S.E.2d 673, 675-76 (1993); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998). This gives the trial court the opportunity to consider and rule upon the issue in the trial setting after it has been refined by fact-finding and sharpened by argument. This in turn allows us to provide the meaningful consideration only a complete record provides. As an appellate court, "we are a court of review, not of first view." *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005).

Because PBA's challenge to the communication limitation is unpreserved and none of PBA's other issues are immediately appealable, PBA's appeal is

**DISMISSED.**

**KONDUROS and HEWITT, JJ., concur.**